Thomas J. PIPER, Jr., Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 73–2320

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1973.

Thomas J. Piper, Jr., pro se.

Dunklin Sullivan, Asst. Atty. Gen., Austin, for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

PER CURIAM:

The instant appeal arises from the denial of a writ of habeas corpus. While on parole from a 1961 Texas conviction, Thomas J. Piper was charged by the State of Texas with robbery by assault. A separate federal prosecution for violations of the firearms registration laws grew out of the same activity. Piper was convicted and sentenced on both the state and federal charges. Texas, which had revoked Piper's parole immediately after his arrest on the robbery charge, released him to federal custody to permit him to begin serving the firearms sentence. Thereafter, a detainer was filed with federal authorities to require his ultimate return to Texas to complete the service of the remainder of the 1961 sentence from which he had been paroled and to serve the new sentence for robbery by assault. Piper claims here that so much of the detainer as relates to the completion of service of his 1961 sentence is void. He argues that both by their action and inaction Texas officials have waived jurisdiction over him as to his former conviction within our holding in Shields v. Beto, 370 F.2d 1003 (5th Cir. 1963). We affirm the order of the district court holding that this case is not within Shields.

Shields v. Beto was not intended to constitute a trap for unwary state officials. It is founded upon the due process clause of the Fourteenth Amendment and requires that "action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice" Shields at 1004. The facts in Shields are not at all analogous to those in the case at bar. Before expiration of the Texas sentence he was then serving, Shields had been extradited to Louisiana to complete a jail term. Texas filed no detainer, and Shields was ultimately released on parole in Louisiana. Eighteen years after his release and 28 years after his extradition to Louisiana, Texas sought to compel Shields to serve the remainder of his Texas sentence. We held that *under these circumstances* Texas had demonstrated such a lack of interest in Shields as to waive jurisdiction over him.

In cases based upon the principles of *Shields* it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require a legal sentence to be served in the aftermath of such action or inaction.

Piper alleges that there are three manifestations of lack of interest in him by Texas: (1) refusal to return him to the Department of Corrections to complete his 1961 sentence immediately after the revocation of his parole; (2) failure to file a detainer against him until 22 months after his parole revocation; and (3) a statement by a Texas official to a United States Attorney that Piper's parole had not been revoked when it in fact had been. Reliance on (2) and (3) is misplaced. There was no reason to file a detainer until Piper's release from federal custody was imminent, and the statement urged upon us proves little more than an administrative mistake by some Texas official. Thus, we are left with (1). Even assuming that Piper is correct in concluding that Texas law [1] requires the immediate return of a prisoner to the Department of Corrections upon revocation of his parole, the failure to follow that procedure here presents no federal constitutional basis for voiding his prior sentence. Any claim that such conduct constituted a lack of interest of the dimensions present in *Shields* is ridiculous. *See* Mills v. Beto, 477 F.2d 124 [5th Cir. 1973]; Dorrough v. Texas, 440 F.2d 1063 (5th Cir. 1971); and Bilton v. Beto, 403 F.2d 664 (5th Cir. 1968).

1. Vernon's Ann.Tex.Code Crim.Pro. art. 42.01 et seq. (1966).

Piper also argues that *Shields* is applicable any time one sovereign surrenders a prisoner to another sovereign while the prisoner is serving a sentence of the surrenderer. Even assuming such a holding would somehow raise issues of constitutional dimensions,[2] *Shields* establishes no per se rule which substitutes for analysis of the facts of each case in light of the requirements of due process.

Affirmed.

2. It is an established rule that a prisoner has no standing to attack agreements between sovereigns as to the order in which sentences are to be served. DeLong v. United States, 474 F.2d 719 (5th Cir. 1973);

Chunn v. Clark, 451 F.2d 1005 (5th Cir. 1971).