Arturo T. ESQUIVEL

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections.**

No. SA–76–CA–32.

United States District Court,
W. D. Texas,
San Antonio Division.

May 14, 1976.

Stanley G. Schneider, Staff Counsel for Inmates, Huntsville, Tex., for plaintiff, Arturo T. Esquivel.

Stephen J. Wilkinson, Austin, Tex., for defendant, W. J. Estelle, Jr., Director, Texas Dept. of Corrections.

## ORDER DENYING PETITION FOR HABEAS CORPUS RELIEF

SUTTLE, District Judge.

Although this Court has reviewed a number of habeas corpus petitions presenting a great variety of issues, this Court finds the present case to be quite novel. On May 3, 1960, the Petitioner, Arturo T. Esquivel, was sentenced to serve 5 years for robbery and sentenced to life imprisonment for murder. Only the murder conviction was appealed. The conviction was affirmed by the Texas Court of Criminal Appeals and the mandate was issued and sent to the State District Clerk's office in Bexar County, Texas. However, due to some clerical error, the mandate was never filed with the District Court, and as a result the Texas Department of Corrections was never notified of the existence of the Petitioner's life sentence. In the meantime,

Petitioner began serving the robbery sentence and was discharged some three years later. Petitioner was subsequently convicted on three different occasions, served out his time on the first two and is presently serving the third sentence which is a seven year term of imprisonment for burglary.

Petitioner filed a State petition for habeas corpus in the trial court. The Honorable Preston Dial, Jr., ruled that the Petitioner's life sentence should begin to run as of the date of the original confinement; towit, May 3, 1960. Upon appeal, the Texas Court of Criminal Appeals gave full consideration to the question involved, and held that the Texas Department of Corrections must make a correction in the Petitioner's records to reflect that the life sentence should begin as of May 3, 1960, with the Petitioner being given all "flat time" credit from that day forward, and that further, Petitioner be additionally credited with any "good time" credit that he had accumulated since May 3, 1960, toward his parole eligibility date on the life sentence. However, Petitioner's request that the life sentence be vacated was denied with the Court ruling that he had been granted all the relief to which he was entitled. Since the Petitioner has obviously raised this issue with the Texas Court of Criminal Appeals, the Court finds that the Petitioner has satisfied the exhaustion requirements of Section 2254(b), Title 28, United States Code.

Petitioner's reliance upon the Fifth Circuit decision of *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967) is misplaced. An examination of that opinion reflects that after Shields had served about one year in the Texas Department of Corrections on sentences totalling 40 years, he received a "sixty day furlough" by the Governor. Louisiana authorities were notified of the furlough because Shields had previously escaped from a Louisiana prison. Shields signed a waiver of extradition and began serving his time in Louisiana, being paroled in 1944. No Texas detainer having been placed on him, he was released. Thereafter, 28 years following such extradition,

Shields was convicted of forgery in Texas, which State attempted to make him serve the remaining 39 years of his original cumulative sentences. The United States Court of Appeals for the Fifth Circuit held that the release by Texas before expiration of his sentence, followed by the extradition to Louisiana, constituted a "waiver of jurisdiction" over Shields, especially where Texas showed no interest in the Petitioner's return, citing the well known rule that a prisoner cannot be required to serve his sentence in installments.

The facts in *Shields* are in no way similar to those presented in the present Petition. Here the State of Texas is the only jurisdiction involved. The record shows that a clerical error in the Bexar County Clerk's office resulted in Texas Officials releasing the Petitioner from the Texas Department of Corrections on three separate occasions, without any of the parties concerned having any knowledge of the valid or existing life sentence outstanding against Petitioner. The Texas Appellate Court held in the habeas action, *Ex parte Esquivel*, 531 S.W.2d 339 (Tex.Cr.App.1976), that the case is controlled by *Ex parte Downey*, 471 S.W.2d 576 (Tex.Cr.App.1971). Reference to that decision discloses that it was another case of clerical error, and that when Downey was discharged from the penitentiary a commitment order that was issued from Galveston County had never reached the Texas Department of Corrections. Subsequently he was arrested and returned to the Texas Department of Corrections to serve out this three year sentence. Downey contended that he was entitled to certain credit in that the time of imprisonment begins from the date of sentencing and that jail time credit does not stop when an inmate is erroneously released from prison custody. The Texas Court of Criminal Appeals held that Downey was indeed entitled to credit toward the discharge of his Galveston County conviction and that he had served sufficient time to be released when given this credit.

 The applicable law is well stated by the Respondent in an excerpt from *Piper*

*v. Estelle,* 485 F.2d 245 (5th Cir. 1973); where it held:

"*Shields v. Beto* was not intended to constitute a trap for unwary state officials, it was founded upon the due process clause of the Fourteenth Amendment and requires that 'action by a State through any of its agencies must be consistent with the fundamental principles of liberty and justice'. *Shields* at 1004.

. . . . .

In cases based upon the principles of *Shields* it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving State's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocably inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction."

*Piper v. Estelle, supra,* at 246. Under the decision made in *Ex parte Esquivel, supra,* the Petitioner has in fact been serving time on his murder conviction since the date of his sentence on May 3, 1960, even though he has not been confined during the entire period and is entitled to the "flat time" and "good time" credit so given him. Esquivel's sentence is one for life and not for a finite period. Under Texas law a person serving a life sentence cannot be discharged as such, he can only be paroled. Accordingly, the Petitioner has the same parole eligibility as he would have had if he had been incarcerated on the life sentence when the mandate reached the District Court, as would have been the normal procedure. There has been neither a waiver of jurisdiction nor any de facto pardon nor commutation in the present case.

The Court finds for the reasons and authorities cited above that an evidentiary hearing is not warranted in this case and that the Petitioner's application for habeas corpus relief should be, and the same is hereby, DENIED.