**Billy Joe BAILEY, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

No. 76CV295–S.

United States District Court, W. D. Missouri, S. D.

Sept. 22, 1976.

R. Steven Brown, Asst. Federal Public Defender, Springfield, Mo., for petitioner.

David H. Jones, Asst. U. S. Atty., Springfield, Mo., for respondent.

## ORDER DISMISSING PETITION FOR HABEAS CORPUS

COLLINSON, District Judge.

Petitioner's claim is that he is entitled to discharge from a federal sentence he is now serving at the United States Medical Center in Springfield, Missouri on September 13, 1976, and that the Bureau of Prison authorities have erroneously computed his discharge as of May 30, 1977. Since these allegations, if true, would create a case of "special urgency" within the meaning of *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974), an evidentiary hearing was set without requiring the petitioner to exhaust his administrative remedies.

At this hearing the following facts appeared:

1. On March 27, 1974 the petitioner received a three-year sentence in the United States District Court for the Northern District of Alabama. On that date the petitioner was serving a state sentence in Indiana and the district court sentence was made consecutive to the sentence he was then serving in Indiana.

2. Immediately after receiving the United States sentence, the petitioner was returned to the state institution in Indiana in which he was serving his sentence, and, admittedly, his federal sentence did not start running at that time.

3. The petitioner was released on May 24, 1974 from Indiana custody and was not picked up by federal authorities at the time of his release.

4. Petitioner went immediately to Gasden, Alabama, in the Northern District of Alabama, and lived there under his own name with no attempt to hide his identity.

5. On March 31, 1975 petitioner was sentenced to three two-year terms in the state court of Alabama and commenced serving these sentences.

6. On June 16, 1975 the federal authorities filed a detainer with the Alabama prison authorities on the petitioner.

7. On January 7, 1976 petitioner filed a section 2255 application in the United States District Court for the Northern District of Alabama to set aside the March 27, 1974 three-year sentence.

8. On January 28, 1976 the original sentencing court in the Northern District of Alabama dismissed the section 2255 motion, and on the same date entered an order amending the sentence of March 27, 1974 to reduce that sentence to one year and eight months and make it concurrent with the three two-year sentences the petitioner was then serving in the state prison in Alabama.

9. The petitioner was released March 1, 1976 from Alabama custody and was taken into custody at that time by the United States marshal service, and has been in continual custody of the United States since that date on the sentence in the case that he was originally sentenced in on March 27, 1974.

10. On June 29, 1976 the Honorable Frank H. McFaddin, the judge in the Northern District of Alabama who imposed the original sentence, and who entered the order reducing that sentence wrote a letter to the petitioner's attorney, who filed the section 2255 motion, and stated that the sentence imposed on January 28, 1976 was effective and commenced to run on that date.

11. The Bureau of Prisons is now computing the petitioner's sentence as a one-year eight-month sentence commencing January 28, 1976, and under that computation, the petitioner is not eligible for release until May, 1977.

The question of whether or not the federal authorities had filed a detainer with the Indiana authorities was not resolved at the hearing. Because of the short notice the Government had of this hearing, the evidence was not available. Leave was granted at this hearing to the Government to furnish documentary evidence on this question at a subsequent date and the Government has now filed with the Court a copy of a detainer, dated February 21, 1974, addressed to the Records Office, Indiana State Farm, Green Castle, Indiana. This copy, as filed, does not establish conclusively that the detainer was filed with the Indiana authorities. However, this Court has determined that, under the authorities, the filing or failure to file the detainer would not, under the facts of this case, be a determinative factor.

■ Petitioner now contends that the order of January 28, 1976, "amending" and reducing the sentence of March 27, 1974, was void, and that his original sentence of three years is the sentence under which his time must be computed. Petitioner couples with this a claim that this sentence must be computed as commencing on May 24, 1974, the date he was released from Indiana state custody, and "without his fault" was not taken into custody by federal officials.

This Court must concur with the contention of the petitioner that the "amendment" of January 28, 1976 was void. The sentencing court entered this order on his own motion in order to correct what that court thought was an injustice to the petitioner. However humane the reasons, the Court of Appeals of this circuit has directly held, in the case of *United States v. Regan,* 503 F.2d 234 (8th Cir. 1974), that the sentencing court had no jurisdiction to modify the sentence after the expiration of 120 days, the period prescribed in Rule 35 of the Federal Rules of Criminal Procedure. In that case

the trial court did not attempt to shorten the sentence but simply added an "(a)(2)" provision to the sentence previously imposed. The Court of Appeals held that this attempt to change the sentence, in order to grant earlier eligibility for parole, amounted to a modification and was void. Following this precedent, this Court must hold that the amendment of January 28, 1976 is void.

■ However, the Court finds no grounds for holding that the petitioner is entitled to have credit on the original sentence from May 24, 1974, the date he was released from custody by the Indiana state authorities by reason of the expiration of the Indiana state sentence. We start from the statutory provision, § 3568, Title 18, U.S.C.A.:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term 'offense' means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

In this case the petitioner was never received at any jail, penitentiary, or reformatory until March 1, 1976.

Petitioner relies upon the case of *White v. Pearlman,* 42 F.2d 788 (10th Cir. 1930).

In that case the defendant was serving a federal sentence in a state institution, which had been designated as a place of confinement. He was erroneously released before expiration of his sentence, after he had advised the warden that his sentence still had two years to run. More than two years later he was advised that he was wanted and surrendered voluntarily. He was then recommitted for the balance of his term. The court in that case stated that a sentence for a term of years means a continuous sentence, unless interrupted by some fault of the prisoner, and he cannot be required to serve it in installments. The court held "that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty." *White v. Pearlman* is generally referred to in the subsequent cases as standing for the single proposition that a prisoner cannot be required to serve a sentence for a term of years in installments, and that he is entitled to credit on his sentence while at liberty under those circumstances. There is a second line of cases which originated from the case of *Shields v. Beto,* 370 F.2d 1003 (5th Cir. 1967), which have ordered the release of prisoners by state authorities on the theory of "waiver of jurisdiction." That case involved the surrender of a prisoner under sentence in the State of Texas to the State of Louisiana. After release from a Louisiana sentence, the State of Texas took no action to secure custody of the defendant to complete the Texas sentence. Eighteen years after the defendant had been released from his prison sentence in Louisiana (twenty-eight years after Texas had released him to Louisiana) he was committed to serve the balance of his Texas sentence. The court held in that case that the release of a prisoner by state authorities before the expiration of his sentence may constitute a waiver of jurisdiction "especially where the surrendering sovereign (Texas) showed no interest in the return of the prisoner, either by agreement between the sovereigns, or by

detainer, or any other affirmative action taken by it following his release in Louisiana."

Many prisoners have brought habeas corpus actions seeking release under either the "installment theory" or the "intentional waiver theory" or both, under many different factual situations. In most of the reported cases relief has been denied and it is obvious from the opinions that each claim for relief must be decided upon its own facts. The Fifth Circuit has redefined the intentional waiver theory it established in the *Shields* case in the case of *Piper v. Estelle,* 485 F.2d 245 (5th Cir. 1973), stating:

"In cases based upon the principles of *Shields* it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction."

An excellent discussion of the two theories is found in the case of *Lanier v. Williams,* 361 F.Supp. 944 (E.D.N.C.1973). In that case the prisoner was released in 1967 while under a sentence which he had not served in North Carolina. He continued to live in his same home for five years, and during this period of time was informed by state officials and penitentiary officials that he was not wanted and there was no warrant for his arrest. Thereafter, he was recommitted to the state penitentiary to serve the remainder of his sentence and a state habeas corpus petition was denied. The court held that the state's inaction for a period of five years, coupled with official reassurances that the petitioner was not wanted, constituted a waiver and the writ was granted.

This Court finds that there is no basis in this case for giving the petitioner credit for the period from May 24, 1974 to March 1, 1976 under the prohibition of compelling a

prisoner to serve his sentence in installments in *White v. Pearlman, supra.* The petitioner never commenced serving a federal sentence, and therefore, the factual basis for the application of this principle does not exist.

The case of *United States v. Vann,* 207 F.Supp. 108 (E.D.N.Y.1962), presented facts almost identical to those in the present case. In that case the petitioner's federal sentence was to commence upon the expiration of a state sentence, the Government neglected to file a detainer, and the petitioner was released from state custody and not taken into federal custody for almost two years. In a very exhaustive opinion the court denied the petitioner's prayer for a writ and held that the delay of approximately two years did not afford the petitioner relief.

This Court further finds that these facts do not justify the application of the intentional waiver theory. In order to apply this theory the Court would have to find that failure to file a detainer, and failure to apprehend and commit the petitioner for a period of less than thirteen months (the petitioner was located in the Alabama penitentiary and a detainer filed less than thirteen months after his release from state custody in Indiana) constituted Government action so affirmatively wrong or Government action so grossly negligent "that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." *Piper v. Estelle, supra.* This is obviously not a proper finding based on these facts.

For the above reasons, this Court finds that this petitioner is properly incarcerated under the three-year sentence imposed on March 27, 1974 in the United States District Court for the Northern District of Alabama, and that his period of incarceration should be properly computed from March 1, 1976. It is therefore

ORDERED that the petitioner's application for writ of habeas corpus be, and is hereby, denied.