Henry STERLING

v.

Ross MAGGIO, Jr., Warden.

Civ. A. No. 80–482–A.

United States District Court,
M. D. Louisiana.

Feb. 2, 1981.

Henry Sterling, pro. per.

Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for respondent.

## MEMORANDUM OPINION

JOHN V. PARKER, Chief Judge.

On May 13, 1972, petitioner was convicted of simple burglary and sentenced to three years imprisonment. On October 22, 1972, petitioner was convicted of attempted armed robbery and sentenced to fourteen years to run consecutively with the three-year sentence.

On December 23, 1973, officials at Louisiana State Penitentiary mistakenly released

petitioner. Apparently, the prison officials did not have the commitment papers for the attempted armed robbery conviction. Approximately one year and nine days after being released, petitioner was arrested in Los Angeles, California. On May 9, 1975, he was transferred to Louisiana to serve the remainder of his sentence.

Thereafter, petitioner filed an application for habeas corpus in state court seeking credit for the time that he was not in the custody of Louisiana prison officials due to this mistake, i. e., from December 23, 1973, until May 9, 1975. A hearing was held in state court and petitioner was granted credit for the time that he was in jail in California, i. e., from January 2, 1975, until May 9, 1975, but his other claims were rejected. No record of this hearing has been filed but we will accept it as exhausting state remedies. Petitioner claims that he had retained an attorney to represent him at this hearing and that his attorney failed to show up for the hearing. Sterling claims that the state court judge refused to give him time to contact his attorney but offered to appoint an attorney to represent him. Sterling waived this right, choosing to represent himself.

The grounds for the present application for habeas corpus are as follows:

(1) "Due process" mandates that petitioner be given credit for the time that he was not in custody due to no fault of his own.

(2) The state court denied petitioner his Sixth Amendment right to be represented by counsel by denying him an opportunity to contact his previously retained counsel.

■ Although the facts presented by this application for habeas corpus are somewhat unusual, there are reported cases involving similar errors made by state and federal authorities. The Fifth Circuit has decided these cases under a due process rationale. The due process clause of the Fourteenth Amendment requires state actions to be consistent with the fundamental principles of liberty and justice. *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1963); *Piper v. Estelle*, 485 F.2d 245 (5th Cir. 1973).

Depending upon the facts, it may be found that a state has demonstrated such a lack of interest in an inmate as to have waived jurisdiction over him. However, as the Fifth Circuit has established:

"... [I]t is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be equivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." (*Piper v. Estelle*, 485 F.2d at 246)

In *Piper, supra*, the petitioner was convicted and sentenced on both state and federal charges while he was on parole for a 1961 state conviction. His parole was revoked and he was turned over to federal authorities to serve his federal sentence. Twenty-two months later, the state filed a detainer which required that he be turned over to state custody when he had finished serving his federal sentence. Piper claimed that the detainer, inasmuch as it related to the first state sentence, was void. He claimed that the state had waived jurisdiction over him in regard to his first conviction by its lack of interest. He alleged that the state had manifested its lack of interest by releasing him to the federal authorities instead of returning him to the State Department of Corrections and by failing to file a detainer for 22 months. The Fifth Circuit found that these circumstances did not amount to a waiver of jurisdiction over the remainder of the first state sentence. See, also, *Bailey v. Ciccone*, 420 F.Supp. 344 (W.D.Mo.1976). Cf. *Lanier v. Williams*, 361 F.Supp. 944 (E.D.N.C.1973), where a district court found waiver under circumstances indicating that the inmate had been allowed to remain free for a period in excess of five years.

In *Esquivel v. Estelle*, 426 F.Supp. 619 (W.D.Tex.1976), aff'd, 547 F.2d 309 (1977), petitioner was sentenced to serve five years for robbery and sentenced to life imprison-

ment for murder. The murder conviction was appealed and, due to a clerical error, the Department of Corrections never received notice of the life sentence. After serving three years, petitioner was released and subsequently convicted on three different occasions. Consequently, he was released on three different occasions without any of the parties concerned having any knowledge of the life sentence that was outstanding. The Court held that petitioner had been serving time on the life sentence under state law so he was entitled to credit for this time even though he had not been confined the whole time. Thus, the Court found that he was entitled to the same parole eligibility as he would have had if there had been no mistake. However, the Court also found that the state had not waived jurisdiction over the life sentence.

There are no allegations to support a conclusion that the state has shown such a lack of interest that it would be inconsistent with fundamental principles of liberty and justice to require Sterling to serve the attempted armed robbery sentence. It is clear that the state regained custody of Sterling less than 18 months after it had mistakenly released him. This is not an extended period of time. The state court has given petitioner credit for time in custody in California. He is entitled to no more.

Petitioner's second basis for this habeas corpus application is his claim that he was denied his constitutional right to counsel at the state habeas corpus hearing. There is no constitutional right to have counsel *appointed* at a state habeas corpus proceeding, *Norris v. Wainwright*, 588 F.2d 130 (5th Cir. 1979), *cert. den.*, 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). It follows that petitioner had no constitutional right to contact his retained attorney who had been given notice of the hearing (according to petitioner's own memorandum). Assuming that the trial court erred in proceeding without giving plaintiff an opportunity to contact his attorney, he is not entitled to habeas corpus relief since this is essentially an attack on a proceeding collat-

eral to his detention on the attempted armed robbery conviction and not an attack on his detention per se. *Noble v. Sigler*, 351 F.2d 673 (8th Cir. 1965), *cert. den.*, 385 U.S. 853, 87 S.Ct. 98, 17 L.Ed.2d 81 (1966); *Pierce v. State of Oklahoma*, 436 F.Supp. 1026 (W.D.Okla.1977).

For the foregoing reasons, the application for a writ of habeas corpus is hereby DENIED.