Howard MILSTEAD, Plaintiff-Appellant,

v.

R. RISON, Warden, Federal Correctional Institute, Talladega, Alabama and the Attorney General of Texas, Defendants-Appellees.

No. 82–7122
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 4, 1983.

Howard Milstead pro se.

Frank W. Donaldson, U.S. Atty., Holly Lee Wiseman, Asst. U.S. Atty., Birmingham, Ala., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

On November 28, 1979 Howard Milstead was convicted in a Texas state court of a state offense and sentenced to two to ten years imprisonment. After he had served approximately four months, he was sentenced by a federal district court in Texas to five years imprisonment based on a conviction for a federal offense. The state judge had ordered his state sentence to be served concurrently with any federal one subsequently imposed. Because it is longer, however, the state sentence will not be completed at the end of the five-year federal sentence without some action by the Texas Parole Board. Milstead has been transferred to a federal penitentiary in Alabama. Texas has lodged a detainer against Milstead so that he will be returned to Texas for completion of his state sentence upon completion of his federal sentence. Although he has been eligible for state parole since November 1981, Milstead has learned that the Texas Parole Board will not consider him for parole unless he is in Texas's physical custody.

In his *pro se* habeas corpus petition filed in federal district court in Alabama, Milstead seeks to rid himself of the detainer. He contends that Texas deprived him of parole eligibility without due process by relinquishing him to federal authorities, and that Texas lost jurisdiction of him when it turned him over to the federal authorities, so that any attempt to return him to Texas after service of his federal sentence will violate double jeopardy and due process.

The district court permitted Milstead to file his petition in forma pauperis but summarily denied it without service of process upon defendants, the warden of the federal penitentiary in Talladega, Alabama and the Attorney General of the State of Texas. Although recognizing that the case could be transferred to the federal district court in Texas, the court viewed a transfer as unnecessary because Milstead's claim lacked merit. The court determined that Texas had not waived jurisdiction over Milstead and that none of Milstead's constitutional rights had been violated.

■ Initially, we note that Milstead probably could have brought his habeas corpus petition in a district court in either Texas or Alabama. The United States Supreme Court in *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), interpreted the jurisdictional statute for federal habeas corpus actions, 28 U.S.C.A. § 2241, as permitting either of two district courts to entertain the habeas corpus petition of a prisoner confined in a state other than that which has issued the detainer: the district court in the district of confinement and the district court in the state which has lodged the detainer. Under *Braden,* the State of Texas is an appropriate respondent for Milstead's challenge to the Texas detainer, so that a federal forum in Texas would have been open to him for his habeas corpus action. The federal prison warden in Alabama where Milstead is imprisoned, however, is deemed the agent of the State of Texas for effectuation of the detainer and, therefore, may also be held to answer Milstead's claim in his federal habeas corpus suit. *Braden,* 410 U.S. at 498–99 & n. 15, 93 S.Ct. at 1131–32 & n. 15. As the district court recognized, it could have transferred Milstead's case to a federal district court in Texas under 28 U.S.C.A. § 1404(a), which permits transfer to a more convenient forum in the interest of justice. It was not required to transfer the case, however, and it had jurisdiction to adjudicate the claim on its merits. *Braden,* 410 U.S. at 499 n. 15, 93 S.Ct. at 1132 n. 15.

■ On the merits, we reject Milstead's claim that Texas lost jurisdiction over him when it relinquished him to federal authorities for incarceration on a federal offense before he had finished serving his Texas sentence. Milstead relies upon *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967), in which the former Fifth Circuit held that Texas had waived jurisdiction over a prisoner by failing to take any action against him for more than 28 years after the state had permitted his extradition to Louisiana, and for 18 years after his release from prison in Louisiana. Consequently Texas, which had

never lodged a detainer against the prisoner, could not require him to serve the rest of his Texas sentence. 370 F.2d at 1005–06. A later opinion of the former Fifth Circuit carefully limited *Shields* to its facts. In *Piper v. Estelle,* 485 F.2d 245 (5th Cir.1973), the court concluded that a state waives jurisdiction over a prisoner by surrendering him to another sovereign only if the state's action is "so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent .with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." *Id.* at 246. Noting that Texas had lodged a detainer with federal authorities in an effort to assure that Piper would have to return to Texas to complete his state sentence after release from federal prison, the court concluded that Texas had not displayed the same fatal lack of interest in *Piper* as it had in *Shields.* This case is akin to *Piper,* not *Shields.* A detainer remains lodged against Milstead so that he will be returned to Texas upon completion of his federal sentence. Texas has therefore not waived jurisdiction over him.

■ Milstead's only other claim seems to be that Texas is wrongly requiring him to serve his sentence in installments. *Shields* barred this practice. 370 F.2d at 1006. Again, however, the facts of *Shields* do not match those in Milstead's case, and his claim is without merit. The state sentencing judge permitted Milstead's sentence to be served concurrently with any federal sentence imposed. That requirement is being fulfilled. The fact that Texas will not consider him for release on parole unless he is in the State's physical custody does not mean he is being required to serve his sentence in installments. Presumably, upon release from federal custody, Milstead will be returned to Texas authorities who will then consider him for parole. This procedure does not violate the Constitution.

AFFIRMED.