Thomas S. MATHES, Jr., Appellant,

v.

John T. PIERPONT, Appellee.

No. 83–1348.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 5, 1984.

Decided Jan. 11, 1984.

Patrick J. Platter, Asst. Pros. Atty., Springfield, Mo., for appellee.

Louis J. Nolan, Springfield, Mo., for appellant.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Appellant Thomas Mathes, Jr. is presently confined in the Greene County, Missouri, jail. He is held under an order of commitment pursuant to a Missouri Governor's Warrant. The Governor of Missouri ordered appellant's extradition to Oklahoma, where he is sought to serve two sentences resulting from convictions in that state. Having exhausted his state remedies, appellant filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in United States District Court for the Western District of Missouri. Chief Judge Russell G. Clark denied appellant's application; he appeals that denial to this court. For the reasons set forth below, we affirm.

*Background*

In February 1966, appellant was sent to the Oklahoma State Penitentiary in McAlester, Oklahoma, to serve a ten-year term for kidnapping and three three-year terms for obtaining merchandise with bogus checks. Appellant escaped from a prison honor farm in December 1972. Appellant had completed two of the bogus check terms; he still has not served the kidnapping sentence or the remaining bogus check sentence. In March 1973, appellant was arrested, convicted, and started serving a federal sentence in Mississippi. The State of Oklahoma filed a detainer for appellant with the United States Bureau of Prisons on December 6, 1973, and subsequently released the detainer on November 7, 1974, for unexplained reasons. Appellant was paroled from federal custody on March 12, 1976.

Although appellant claims that he returned to Osage County, Oklahoma, where he remained from March 1976 until April 1978, the court found that he was in Oklahoma for only eight days during that period. In any event, appellant began serving another federal sentence in October 1978. Late in 1981, Oklahoma filed another detainer with the Federal Bureau of Prisons. Appellant was paroled from his second federal sentence in June 1982. Since then, he has been held in the Greene County jail for extradition. Governors' warrants have issued and all state remedies are exhausted.

*Discussion*

Appellant argues that the district court erred in finding that the State of Oklahoma has not waived jurisdiction over him by releasing the detainer in 1974 and failing to file another one until 1981. Appellant shoulders a heavy burden in attempting to prove intentional waiver. This court articulated the waiver theory in *Shelton v. Ciccone*, 578 F.2d 1241 (8th Cir.1978):

> The waiver theory was developed by the Court of Appeals for the Fifth Circuit in *Shields v. Beto*, 370 F.2d 1003, 1005 (1967), and thereafter refined in *Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir.1973). Distilled to its essence, the theory provides that in order to establish waiver, * * * it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of

interest. Rather the waiving state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require a legal sentence to be served in the aftermath of such action or inaction. *Piper v. Estelle,* 485 F.2d 245, 246 (5th Cir.1973).

*Id.* at 1244.

In the instant case the district court found that:

Although Oklahoma was certainly remiss in not arresting petitioner in 1976, petitioner has not shown that Oklahoma's delay has been so "affirmatively wrong or so grossly negligent" that it has waived jurisdiction. To the contrary, this lawsuit proves, to some extent, that Oklahoma is actively seeking the return of its escaped prisoner.

Even though appellant contends that he lived openly in Oklahoma for two years between his federal sentences and Oklahoma officials made no attempt to arrest him during that period, the district court rejected these contentions after a magistrate conducted a hearing and found insufficient evidence to support them. That factual finding must not be disturbed unless clearly erroneous. FED.R.CIV.P. 52(a).

This case is readily distinguished from that of *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967). In *Shields,* the court found that the failure of Texas to take any affirmative action to reacquire jurisdiction over a prisoner it had released to Louisiana authorities for a period of 28 years was equivalent to a pardon. Instead, we find that this case is more closely analogous to *Piper v. Estelle,* 485 F.2d 245 (5th Cir.1973), where a 22-month delay in lodging a detainer presented no federal constitutional basis for voiding a prior sentence. While we acknowledge that the seven-year delay in this case is considerably longer than that present in *Piper v. Estelle,* we find that it does not rise to the level of gross negligence present in *Shields v. Beto.*

We reach this conclusion after a thorough examination of the record and the policy underpinnings of the waiver theory. This court explained those policy considerations in *Shelton v. Ciccone, supra:*

The waiver theory encourages responsibility and accountability on the part of the Marshals to the extent that it deters the arbitrary exercise of their power. In addition, the theory encourages the prompt rehabilitation of defendants. It is based on the philosophy that a defendant should be allowed to do his time, live down his past, and reestablish himself. Permitting a sentence to go unexecuted does not encourage rehabilitation.

578 F.2d at 1245 (citation omitted). The factors which call the policy considerations into play are simply not present in the instant case. Here, appellant has spent 13 of the last 16 years in either state or federal custody. It is also noteworthy that appellant escaped from custody in Oklahoma in the first place; this is not a case in which a state seeks to revoke parole after an unreasonably lengthy period. This case can easily be distinguished from a case like *Shelton v. Ciccone, supra,* where the petitioner was arrested pursuant to a seven-year-old unexecuted federal detainer after he had been living openly under his own name, gainfully employed, and reintegrated into the community. Even in the *Shelton* case, we did not hold that the federal authorities were grossly negligent as a matter of law, and we decline to so hold here. Accordingly, we affirm the judgment of the district court.