812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony COSTANZO, Petitioner-Appellant,
v.
Robert L. MATTHEWS, Warden, Federal Correctional
Institution, Respondent-Appellee.
 No. 85-6028.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals from a district court judgment adopting the magistrate's report and recommendation to dismiss his habeas corpus petition filed under 28 U.S.C. Sec. 2241. Petitioner essentially claims that he is in custody in violation of the Federal Constitution because his federal sentence should be credited with time he served while released on a restrictive bail bond and while he waited after the Supreme Court denied him his petition for a writ of certiorari approximately nineteen months before the federal authorities required him to surrender to start serving his federal sentence.
 
 
 2
 Upon review of the cause, we conclude that the district court properly dismissed petitioner's habeas action. Under the circumstances of this case, petitioner has simply failed to establish that his custody is in violation of the laws of the United States or the Federal Constitution. 28 U.S.C. Sec. 2241(c)(3).
 
 
 3
 Although 18 U.S.C. Sec. 3568 does provide that a prisoner is entitled to credit toward service of his sentence, time spent in custody in connection for the offense for which the sentence was imposed, the custody contemplated by Sec. 3568 refers to actual incarceration, and not mere restraints on a prisoner's liberty while free on bond. Ortega v. United States, 510 F.2d 412, 413 (10th Cir.1975). See also United States v. Blankenship, 733 F.2d 433 (6th Cir.1984); United States v. Dovalina, 711 F.2d 737, 740 (5th Cir.1983); United States v. Haney, 711 F.2d 113, 114 (8th Cir.1983) (per curiam ); Cerrella v. Hanberry, 650 F.2d 606 (5th Cir.), cert. denied, 454 U.S. 1034 (1981). In addition, other than conclusory allegations, the petitioner has failed to assert any allegations of egregious governmental misconduct that is so affirmatively wrong or grossly negligent that principles of liberty and justice would be offended by petitioner serving his sentence. See Sterling v. Maggio, 505 F.Supp. 1111 (M.D.La.1981); Bailey v. Ciccone, 420 F.Supp. 344 (W.D.Mo.1976); see also Mathes v. Pierpont, 725 F.2d 77 (8th Cir.1984) (per curiam ); Milstead v. Rison, 702 F.2d 216 (11th Cir.1983) (per curiam ). Although the petitioner in this case did not contribute to the government's delay in requiring the petitioner to start serving his sentence, we simply disagree with the petitioner and decline to rule that the government's action in this case constituted a per se violation of constitutional magnitude. See Sterling v. Maggio, supra; Bailey v. Ciccone, supra.
 
 
 4
 This panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.