961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doyle Lee GOODE, Petitioner-Appellant,
v.
J.J. CLARK, Warden, Respondent-Appellee.
 No. 91-6015.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and RONEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 Doyle Lee Goode, a federal prisoner, moves for the appointment of counsel on appeal from the district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Goode entered a guilty plea in 1974 to a charge of bank larceny, and was sentenced to eight years imprisonment, to run consecutively with a state sentence he was then serving. Federal officials filed a detainer with Goode's state custodian, but the detainer was later withdrawn erroneously by a state employee. Goode was paroled from his state sentence in 1981. After Goode was reincarcerated for violations of his parole on three occasions, federal officials reissued the detainer in 1988. Goode was paroled from state to federal custody on September 15, 1988. In this petition, he argued that his sentence should have commenced in 1981, when he was originally paroled from state custody. The magistrate judge recommended that the petition be dismissed. The district court adopted this recommendation, noting that no objections had been filed. Goode's untimely motion to object to the magistrate judge's report was subsequently denied by marginal notation.
 
 
 3
 Upon review, it is concluded that Goode was not entitled to habeas relief for the reasons stated by the magistrate judge and adopted by the district court. Goode's sentence is properly being calculated as having commenced on September 15, 1988, when he was received into federal custody. See 18 U.S.C. § 3568 (repealed, but still applicable to offenses committed prior to November 1, 1987). Federal officials did not waive jurisdiction over Goode because they were not guilty of any grossly negligent inaction. See Piper v. Estelle, 485 F.2d 245, 246 (5th Cir.1973) (per curiam). Federal officials properly filed a detainer in this case, which was erroneously withdrawn by a state employee.
 
 
 4
 Moreover, Goode effectively waived his right to appeal in this case by failing to file timely objections to the magistrate judge's report. See Thomas v. Arn, 474 U.S. 140, 155 (1985).
 
 
 5
 Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge, U.S. Court of Appeals for the Eleventh Circuit, sitting by designation