991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert D. MISTRETTA, Petitioner/Appellant,
v.
Patrick WHALEN, Respondent/Appellee.
 No. 92-1311.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided April 14, 1993.
 
 Before POSNER, and KANNE, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 A federal judge sitting in the Southern District of South Carolina sentenced Robert Mistretta to twenty years' imprisonment after Mistretta pleaded guilty to bank robbery. The sentence was to run concurrently with a state sentence that Mistretta was in the midst of serving, and both sentences were to be served in a South Carolina state prison. The United States and Florida each lodged a detainer with South Carolina. When Mistretta finished serving his state sentence, but before serving-out his full federal sentence, Florida put him in one of its prisons. Mistretta told Florida officials that he had an unfinished federal sentence. Due to be released from the Florida prison in January 1995, Mistretta was released in July 1989 after he successfully challenged his Florida sentence. Mistretta had been at home working in South Carolina for nine months when federal agents arrested him. He now is serving-out the remainder of his federal sentence.
 
 
 2
 Mistretta petitioned the district court for a writ of habeas corpus accompanied by a petition to proceed in forma pauperis. The basis of his claim was that the government waived its jurisdiction over his person by failing to take custody of him directly after he was released from the prison in Florida. The court denied the petition to proceed in forma pauperis and dismissed the entire case with prejudice, finding that the claim had no basis in law and thus was frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Mistretta now appeals that ruling.
 
 
 3
 In Shields v. Beto, 370 F.2d 1003, 1004 (5th Cir.1963), the fifth circuit said that when a state shows utter and prolonged lack of interest in a freed man who has failed to complete a prison sentence, the state, eighteen years down the road, cannot seek to enforce the unserved portion of that man's sentence. Mistretta argues that this is such a case--that by neglecting to pick him up and deliver him to federal custody right after his release from the Florida prison the federal government waived its jurisdiction over him and thus could not send him back to prison after he had been free for nine months. Shields, however, was an extreme case (see Piper v. Estelle, 485 F.2d 245, 246 (5th Cir.1973)), one which does not even come close to controlling this case. Unlike Shields, Mistretta had been free for nine months not eighteen years. Also, Mistretta's term of imprisonment in Florida was unexpectedly cut short by his successful litigation, the outcome of which the federal government was not aware. Given these facts the court properly concluded that the government's actions in this case were not "so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' " to require Mistretta to serve-out his prison sentence. Piper, 485 F.2d at 246.
 
 
 4
 Mistretta also argues that he was improperly arrested without a warrant and without a hearing as to probable cause for his arrest. But, as the government correctly points out, fugitives can be taken back into custody without a warrant or a hearing. Tavarez v. United States Attorney General, 668 F.2d 805, 808-09, nn. 8 & 9 (5th Cir.1982); see United States v. Zukowski, 851 F.2d 174, 177 (7th Cir.1988).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs. Furthermore, we deny Mistretta's motion to supplement his reply brief