**George "Rocky" BALBOA, Petitioner,**

v.

**Frank SIZER, Warden, Otisville Federal Correctional Institution, Respondent.**

95 Civ. 3228 (PKL).

United States District Court,
S.D. New York.

Oct. 10, 1995.

---

George Balboa, Otisville, NY, pro se.

## MEMORANDUM ORDER

LEISURE, District Judge:

Petitioner has filed a *pro se* petition for habeas corpus relief. He challenges his detention as a pretrial detainee in Otisville, New York, on the grounds that his criminal case is venued in the Middle District of Pennsylvania. He wishes to be returned to Pennsylvania in order to be closer to relevant participants in his criminal case. He does not seek release from prison, and, therefore, his case may not necessarily be considered a request for habeas corpus relief. In any event, his application would most properly be directed to the Judge assigned to his criminal case, and therefore the Court transfers this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

Section 1404(a) provides that "[f]or the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Generally, "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988)).

Some factors the Court considers in deciding to transfer a case are: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum court's familiarity with the governing law; (8) the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *See, e.g., Miller v. Bombardier Inc.*, No. 93 Civ. 0376, 1993 WL 378585, at *2 (S.D.N.Y. Sept. 23, 1993) (Leisure, J.); *Frasca v. Yaw,* 787 F.Supp. 327, 330–31 (E.D.N.Y.1992); *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990).

Petitioner states in his application that the determination of the disposition of his pending indictment (No. 94 Cr. 310) for conspiracy, bank fraud, and money laundering is to take place in the federal courthouse in Williamsport, Pennsylvania, in the Middle District of Pennsylvania. *See* Motion at 2. He argues that being held approximately 225 miles away from his family, his attorneys, witnesses and potential witnesses, and the investigation is a denial of due process of law as guaranteed by the Fourteenth Amendment to the Constitution. Without reaching the merits of his claim, the allegations of petitioner demonstrate that, in the interests of justice, this case should be heard in the Middle District of Pennsylvania.

It also appears that the case could have originally been brought in the Middle District of Pennsylvania. Under the Supreme Court's decision in *Braden v. 30th Judicial Circuit,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), jurisdiction to hear habeas corpus petitions lies in that district having jurisdiction over the custodian. *See id.* (construing 28 U.S.C. § 2241(a)).

> So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

**188**

*Id.* at 495, 93 S.Ct. at 1129. In its 1950 amendments to the habeas corpus statute, Congress indicated that habeas issues should be "resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy." *Id.* at 497, 93 S.Ct. at 1130 (citing H.R.Rep. No. 1894, 89th Cong., 2d Sess. (1966); S.Rep. No. 1502, 89th Cong., 2d Sess. (1966) U.S.Code Cong. & Admin.News 1966, p. 956).

Petitioner is incarcerated in the Southern District of New York. Although petitioner has named the Warden of Otisville Federal Correctional Institution (the "Warden") as his custodian, he is actually incarcerated there at the direction of the United States Marshal for the Middle District of Pennsylvania (the "Marshal"), because it is in that district that he was ordered remanded to custody pending trial. Therefore, the Warden acts as the agent of the Marshal, and therefore is not the true custodian; the Marshal is. *See Price v. Bamberg,* 845 F.Supp. 825, 827 (M.D.Ala.1993) ("The Bureau of Prisons in Georgia, which is holding the petitioners, is acting as an agent for the United States Marshal of the Middle District of Alabama, in whose custody the petitioners constructively remain until sentencing."); *cf. Dunne v. Henman,* 875 F.2d 244, 248 (9th Cir.1989) ("[T]he 'true custodian' is the official in the state whose indictment or conviction is being challenged."); *Milstead v. Rison,* 702 F.2d 216, 217 (11th Cir.1983) (district court in Alabama could have transferred, pursuant to § 1404, to district court in Texas, because warden in Alabama was deemed agent of Texas).

Accordingly, the transfer of the instant action to the Middle District of Pennsylvania is proper.

## CONCLUSION

Petitioner's case is HEREBY TRANSFERRED, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Middle District of Pennsylvania.

**SO ORDERED.**