# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

No. 10-40039
Summary Calendar

Lyle W. Cayce
Clerk

NICHOLAS J. QUEEN,

Petitioner-Appellant

v.

T. C. OUTLAW, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-21

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nicholas J. Queen, federal prisoner # 29623-037, has appealed the district court's denial of his 28 U.S.C. § 2241 petition challenging the execution of the 562-month sentence imposed for his 1994 convictions for bank robbery, armed bank robbery, and carrying a firearm during the commission of a crime of violence. He argues that the Government waived jurisdiction of its right to enforce the remainder of his federal sentence because the Government was grossly negligent when it transferred him to state custody for service of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remainder of his state sentence prior to the expiration of his federal sentence. Queen has not briefed any challenge to the dismissal of his claim that he is illegally detained because Bureau of Prison (BOP) officials had erroneously calculated his sentence. Accordingly, he has abandoned that issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Queen is challenging the execution of his sentence, a § 2241 petition is proper. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "In the context of a § 2241 petition, this court reviews the district court's determinations of law de novo and its findings of fact for clear error." *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998) (internal quotation marks and citation omitted).

Queen's claim regarding waiver of jurisdiction is not supported by the record. At the time Queen was sentenced, he was in federal custody pursuant to a writ of habeas corpus ad prosequendum; he previously was sentenced to a two-year term of imprisonment in the custody of the state of Maryland regarding a parole violation, a term which had not yet expired. Following federal sentencing, the BOP designated Queen to one of its facilities, but BOP staff soon thereafter learned that this designation was erroneous. Less than two months after the erroneous designation, Queen was transported to Maryland custody for service of the remainder of his state sentence. For approximately five months, he was held in continuous custody of Maryland authorities, after which he was returned to the United States Marshal's Service and placed in a BOP facility. These facts do not demonstrate conduct so "affirmatively wrong" or "grossly negligent" that requiring Queen to serve his federal sentence would amount to a due process violation or a complete miscarriage of justice. *See Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973). The district court did not err in determining that Queen was not entitled to federal habeas relief on this ground.

AFFIRMED.