# United States Court of Appeals for the Fifth Circuit

---

No. 24-10464
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 19, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENRICO JEREMY VALDEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-43-1

---

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Enrico Jeremy Valdez challenges the denial of his motion to dismiss the motion to revoke his supervised release. He contends the United States Marshals Service's (USMS) erroneously informing him there was no detainer on him while he was in state custody, coupled with the eight-year delay between issuance and execution of his arrest warrant, infringed his due-

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

process rights by hampering his ability to present mitigating evidence. Moreover, he maintains these circumstances resulted in a waiver of jurisdiction.

Because Valdez did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

"[A] delay in executing a violator's warrant may frustrate a probationer's due process rights if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence." *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). Vasquez concedes the delay did not frustrate his ability to contest the issue of the violation but maintains it affected his ability to collect and present mitigating evidence. He points to potential mitigating evidence including, *inter alia*, his lack of stable housing and efforts to meet with his probation officer, but he fails to explain why the delay prevented him from presenting this evidence at his revocation hearing, as he was privy to his own living situation and compliance with the terms of his supervision.

Moreover, the record shows the delay allowed Valdez to present mitigating evidence, including the respective difficulties he faced, paying his debt to society, and his efforts to improve himself. And, in the light of this mitigating evidence and the "fairness points" Valdez raised regarding USMS's erroneously informing him that the detainer against him had been removed, the district court imposed a sentence of 18 months rather than the

2

24-month statutory maximum. Accordingly, Valdez fails to show the requisite clear-or-obvious error in the district court's concluding that the delay in bringing revocation proceedings did not infringe his due-process rights by impeding his ability to present mitigating evidence. *E.g.*, *Puckett*, 556 U.S. at 135.

He likewise fails to make this showing of clear-or-obvious error with respect to his jurisdictional-waiver contention, which relies on *Shields v. Beto*, 370 F.2d 1003, 1006 (5th Cir. 1967) (28-year "lack of interest" in pursuing prisoner amounted to "a pardon or commutation of his sentence and a waiver of jurisdiction" such that requiring prisoner to complete service of prior sentences was due-process violation). *Shields* is materially distinguishable from this case insofar as the State of Texas took no action regarding Shields for 28 years, and he was not in custody for 12 of those. 370 F.2d at 1003–04. In contrast, although approximately eight years passed between the issuance and execution of the arrest warrant, Valdez was in custody for most of this time: August 2015 to March 2022.

Further, our court has held that, "[i]n cases based upon the principles of *Shields*[,] it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest". *Piper v. Estelle*, 485 F.2d 245, 246 (5th Cir. 1973). Instead, Valdez must show "the waiving [jurisdiction]'s action [was] so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with fundamental principles of liberty and justice to require a legal sentence to be served in the aftermath of such action or inaction". *Id.* Because Valdez was in custody for most of the time between the issuance (August 2015) and execution (January 2024) of the arrest warrant, the Government's inaction in failing to execute

No. 24-10464

the warrant was not the requisite "grossly negligent" inaction resulting in a waiver of jurisdiction. *See id.*

AFFIRMED.