UNITED STATES of America, Plaintiff,

v.

Ollie J. BANKS, Jr., Defendant.

Crim. A. No. 42337.

United States District Court,
E. D. Michigan, S. D.

March 31, 1977.

1. "At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served. The

Philip Van Dam, U. S. Atty., E. D. Mich., Detroit, Mich., for plaintiff.

Norman A. Carlson, Director of the Bureau of Prisons, for defendant.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Prisoner Ollie J. Banks, Jr., was convicted of armed robbery of a mail truck for which he was sentenced on May 7, 1969. Under the sentence imposed by this court, he is not eligible for parole until 1979. The Bureau of Prisons has brought this motion to reduce the minimum term to time served by the prisoner pursuant to § 4205(g) [1] of the new Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201–18.

The Director of the Bureau of Prisons, Norman Carlson, originally requested the United States Attorney for the Eastern District of Michigan, Philip Van Dam, to file this motion to reduce sentence in light of the prisoner's excellent record. The letter, dated January 31, 1977, read as follows:

"Under the recently implemented Parole Commission and Reorganization Act (P.L.–94–233, March 15, 1976), the Bureau of Prisons is authorized to make a motion to a sentencing court for the purpose of reducing a defendant's minimum term to the time he has already served [18 U.S.C. 4205(g)]. If the motion is approved, the defendant would become immediately eligible for parole, rather than having to wait until he had served one-third of the sentence.

"In that regard, I hereby request that you file a motion for reduction of the minimum term of Ollie J. Banks to the time served so that he might be eligible for immediate parole. Mr. Banks was sentenced on May 7, 1969 by Judge Talbot Smith in the U. S. District Court of Eastern Michigan to twenty-five years for robbery of a mail truck. As sentenced he is not eligible for parole until March 2, 1979.

court shall have jurisdiction to act upon the application at any time and no hearing shall be required." 18 U.S.C. § 4205(g).

"Mr. Banks is a 46-year-old individual incarcerated at the Federal Prison Camp at Terre Haute, Indiana. He committed the offense for which he was sentenced in 1966 and has been in state or federal custody from 1967 to the present. Since beginning his federal sentence in 1970, he has maintained an outstanding institutional adjustment. His conduct record is clear and his work uniformly competent. He has received two of the highest awards which an inmate can receive while in federal custody for his work-related inventions. Furthermore, he has satisfactorily completed several furloughs into the community.

"Mr. Banks is still married and has maintained close family ties. He indicates that upon release he will reunite with his wife and family who reside at 12805 Broadstreet Avenue, Detroit, Michigan 48238. He plans to seek employment where he can use his skills as a diesel and heavy equipment mechanic.

"Mr. Banks had earlier contacted Judge Joiner about his sentence, and Judge Joiner contacted the Parole Commission and the Warden at Terre Haute. A copy of Judge Joiner's letter, indicating support for Mr. Banks' application, is enclosed.

"Prior to the passage of the Parole Commission and Reorganization Act, applications for relief in cases of this type had to be processed through the Pardon Attorney to the President of the United States. The new procedure offers the Justice Department a faster means of achieving the desired result."

Despite the prisoner's record, the United States Attorney rejected the Bureau's recommendation to file a motion to reduce sentence because the offense committed by Banks was of such a serious nature. Philip Van Dam stated in his reply that:

"After a complete review of this matter including reading the transcript of the district court proceedings and the file on appeal I do not feel it appropriate to file a motion for reduction of the minimum term of Ollie J. Banks to the time served.

"Your letter indicates that Mr. Banks was sentenced to 25 years for robbery of a mail truck. Mr. Banks received a 25 year sentence for armed robbery of a mail truck. During the commission of that robbery Mr. Banks shot one of the postal employees twice. Once in the face and once in the arm and side.

"While it is true that 18 U.S.C. 4205(g) authorizes the Bureau of Prisons to file a motion to a sentencing court for the purpose of reducing a defendant's minimum term to the time he has already served I do not believe it appropriate in this case. By copy of this letter I am advising the Honorable Charles Joiner of my position."

Upon receiving a copy of the above letter, this court indicated to the Bureau of Prisons that it would be willing to file the Bureau's January 31 letter to Mr. Van Dam as a motion for the reduction of sentence, if the Bureau so desired. Director Carlson responded with the following request to the court to modify Mr. Banks' sentence:

"I have again reviewed Mr. Banks' situation and had an opportunity to discuss the case personally with Warden Williams. While recognizing that Mr. Banks was committed for an extremely serious offense, I note that he has been in confinement for over ten years. During that entire period, he has made an excellent institutional adjustment and from every indication, is motivated to make a successful community adjustment after his release from custody.

"While the United States Attorney's office in Detroit has indicated that they do not support our recommendation because of the serious nature of Mr. Banks' offense, I would like to formally ask you to consider modifying his sentence under 18 U.S.C. 4205(g). If such a modification is made, Mr. Banks would then be eligible for consideration by the U. S. Parole Commission."

The court accepts this letter from the Bureau as a motion for reduction of sentence under 18 U.S.C. § 4205(g). The

new Parole Commission and Reorganization Act, enacted March 15, 1976, specifically provides that upon a motion by the Bureau of Prisons, the court may reduce the minimum term of a prisoner to time served. It is not necessary that the motion be filed through the United States Attorney or that the United States Attorney concur in the recommendation of the Bureau. The court finds that it may act on a motion filed directly by the Bureau of Prisons in this manner and that this procedure is proper under the new Act.

This court, upon careful review of the prisoner's record, grants the motion to reduce the minimum term to time served and the prisoner shall be immediately eligible for parole.

So ordered.