**Robert MADDOX, Petitioner,**

v.

**Dennis M. LUTHER, Warden,
Metropolitan Correctional
Center, Respondent.**

No. 83 C 1454.

United States District Court,
N.D. Illinois, E.D.

Nov. 14, 1983.

Robert Maddox, pro se.

Dan K. Webb, U.S. Atty. by Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is respondent's motion to dismiss the petition for a writ of habeas corpus filed by Robert Maddox, *pro se*, pursuant to 28 U.S.C. § 2241. Also pending before the Court are 12 related motions filed by Maddox [1] and a motion by respon-

---

1. Since filing his petition, Maddox has filed the following motions: Petitioner's motion for reconsideration of motion for appointment of counsel filed March 25, 1983; Petitioner's application for writ of habeas corpus ad testificandum filed April 21, 1983; Petitioner's motion for show cause order filed April 21, 1983; Petitioner's motion to set bail and for release on own recognizance filed April 21, 1983; Petitioner's motion to renew and present motion to set bail and for release on own recognizance filed June 14, 1983; Petitioner's motion to renew and present motion to set bail and for release on own recognizance filed June 14, 1983; Petition-

er's motion to renew and present motion for reconsideration of motion for appointment of counsel filed June 14, 1983; Petitioner's motion for reconsideration filed June 20, 1983; Petitioner's motion for ruling on renewed motion to set bail and for release on own recognizance filed June 28, 1983; Petitioner's motion for evidentiary hearing filed June 28, 1983; Petitioner's motion for ruling on renewed motion for appointment of counsel filed June 28, 1983; Petitioner's motion for summary judgment filed July 22, 1983; and Petitioner's motion for ruling with incorporated memorandum of law filed September 30, 1983.

dent to strike Maddox' motion for summary judgment. For the reasons stated herein, all motions are denied with the exception of respondent's motion to dismiss the petition which is granted.

Petitioner asserts three grounds in support of his petition for a writ of habeas corpus. The first of these grounds, alleged error in federal bail bonding procedures, was previously dismissed by this Court because that claim is presently the subject of an appeal before the Court of Appeals for the Seventh Circuit. *See Maddox v. United States*, No. H 82–32 (N.D.Ind. Apr. 8, 1982) (order denying Maddox' 28 U.S.C. § 2255 petition), *appeal docketed*, No. 82–2180 (7th Cir. Apr. 19, 1982). The remaining grounds asserted before this Court (loss of personal jurisdiction and deprivation of Maddox' due process rights by the Bureau of Prisons' administrative remedy process), although seeking relief similar to Maddox' present appeal, are properly before this Court pursuant to 28 U.S.C. § 2241.[2]

I. *Factual and Procedural Background*

The following facts are alleged in Maddox' petition (including exhibits). For purposes of this motion, the Court assumes they are true.

On February 2, 1978, Maddox was arrested by the Cook County Sheriffs' Police for possession of a controlled substance (hereinafter "the state charge"). Maddox posted bail and was at liberty pending trial. While awaiting trial on the state charge, Maddox was charged with receiving and concealing stolen motor vehicles by federal authorities in Chicago (hereinafter "the federal charge"). Maddox was tried, convicted and sentenced to eight years imprisonment on the federal charge by the United States District Court for the Northern District of Indiana. Pending appeal of his federal conviction, Maddox was at liberty on a federal appeal bond.

On July 18, 1979, while at liberty on the federal appeal bond, Maddox was tried, convicted and sentenced to six years imprisonment for the state charge. Maddox was placed into state custody immediately following his state trial. Maddox unsuccessfully exhausted all appeals of his federal and state convictions. While serving his state sentence in January, 1981, a detainer was filed by the United States Marshal against Maddox with the Illinois authorities. In January, 1982, Maddox was released from state custody and was immediately transferred to federal custody to commence service of his federal sentence.

In August, 1982, Maddox filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Indiana. According to Maddox, the issue presented in that petition was whether Maddox was "entitled to credit on his federal commitment for time served in State custody." Exhibit H to Respondents' Memorandum in Support of Motion to Dismiss. Addressing that issue, the district court held that Maddox' federal and state sentences ran consecutively and not concurrently. Accordingly, Maddox was not given credit for his state sentence. *Maddox v. United States*, No. H82–32, *slip op.* at 3 (N.D.Ind. Apr. 8, 1982), *appeal docketed*, No. 82–2180 (7th Cir. Apr. 19, 1982). That issue is presently before the Seventh Circuit and therefore will not be considered by this Court. Maddox, however, asserts two additional grounds in support of his petition. First, Maddox argues that the federal district court in Indiana lost *in personam* jurisdiction over Maddox when it failed to revoke his federal appeal bond in 1979. Second, Maddox argues that he was denied procedural due process by the Bureau of Prisons

---

**2.** Respondent argues that the three grounds asserted by Maddox in his petition are merely "alternative statements" of the issue presently before the Seventh Circuit. This may be true; however, because briefing has been held in abeyance by the appellate court for over one year, it is difficult to determine what issues are before that court. In any event, given the uncertain nature of Maddox' appeal, this Court prefers to address Maddox' remaining claims on the merits rather than erroneously assume that those claims will be addressed in Maddox' appeal.

in the processing of his administrative request for credit for his state sentence.

## II. *Discussion*

### A. *Loss of In Personam Jurisdiction Claim*

After his conviction in the United States District Court for the Northern District of Indiana, Maddox remained at liberty after posting an appeal bond. According to Maddox, his continued liberty was conditioned upon the following provisions:

1) Petitioner shall abide by all orders and rules of the Court;

2) Petitioner shall not leave the Northern Districts of both Indiana and Illinois;

3) Petitioner shall as a condition of bail report to the United States Marshal for the Northern District of Indiana, Hammond Division, once a week.

Maddox argues that while he was in state custody he breached the condition of reporting to the Marshal in Hammond, Indiana. Maddox further argues that the Marshal and the court, by failing to revoke his bond, waived *in personam* jurisdiction over Maddox.

In *Piper v. Estelle*, 485 F.2d 245 (5th Cir.1973), the Court stated the applicable standard for determining when the government waives personal jurisdiction over a criminal defendant:

[I]t is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's action must be *so affirmatively wrong* or its inaction *so grossly negligent* that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require a legal sentence to be served in the aftermath of such action or inaction.

*Id.* at 246 (emphasis added). Maddox' petition contains no facts indicating that the government's conduct in this case was either "affirmatively wrong" or "grossly negligent." In fact, Maddox admits that the United States Marshal filed a detainer with state officials while Maddox was serving his state sentence. *Shields v. Beto*, 370 F.2d 1003 (5th Cir.1967), relied upon by Maddox, is distinguishable. Unlike

*Shields*, the United States Marshal in this case filed a detainer with the Illinois authorities. Maddox pleads no facts suggesting that the federal authorities abandoned him while he was serving his state sentence. The mere refusal to forfeit Maddox' federal appeal bond was neither "affirmatively wrong" nor "grossly negligent" within the rule of *Piper. See also Gaches v. Third Judicial District, etc.*, 416 F.Supp. 767 (W.D.Okl.1976).

### B. *Denial of Procedural Due Process Claim*

On February 24, 1982, while in federal custody, Maddox filed a request with the Bureau of Prisons to have his federal sentence credited by the time he spent in state custody. That request was denied on February 26, 1982. Later, Maddox discussed his "sentencing problems" with his case manager at the federal prison in Chicago. Maddox was verbally informed by his case manager that his request for credit on his federal sentence was denied. Maddox then filed a "Request for Administrative Review" (BP–Dir.–9). On December 20, 1982, respondent denied Maddox' request pending an investigation to ascertain the intent of the sentencing judges. Having not received any response from the sentencing judges by May 24, 1983, respondent informed Maddox of his final decision to deny Maddox' request for credit on his federal sentence. At that time Maddox was advised of his right to appeal respondent's decision to the North Central Regional Office within 20 days. No appeal was filed.

The subject of Maddox' administrative action (obtaining credit for the time Maddox served in state custody) is the same issue that Maddox has presented in his appeal to the Seventh Circuit. Therefore, this Court cannot review the merits of the agency's decision to deny Maddox' request.

The only remaining issue properly before this Court is whether Maddox has stated a claim against respondent for depriving Maddox of administrative due process in processing his claim. Maddox' petition reveals that respondent has fully af-

forded Maddox every opportunity to meaningfully present his claim through the Bureau of Prisons' administrative channels. Upon receiving Maddox' claim, respondent promptly sought to ascertain the intent of the sentencing judges. Through no fault of respondent, that effort was unsuccessful. Respondent further informed Maddox of his right to appeal the denial of his claim to the North Central Regional Office. Maddox chose not to pursue that appeal. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). After a careful review of Maddox' petition, exhibits and memoranda, it is clear that he has failed to state a cause of action based upon respondent's denial of Maddox' due process rights.[3]

### Conclusion

For the reasons stated herein, respondent's motion to dismiss the petition is granted. All other pending motions are denied. The petition for habeas corpus is hereby dismissed.

IT IS SO ORDERED.

---

**3.** Although the Court does not express any opinion as to the merits of Maddox' claim for credit on his federal sentence, that claim does not appear to be frivolous. If Maddox decides to appeal this Court's dismissal, it is recommended that his appeals be consolidated before the Seventh Circuit.