Robert MADDOX, Petitioner,

v.

Norman A. CARLSON, Director, U.S.B.O.P., et al., Respondents.

No. 84 C 1049.

United States District Court, N.D. Illinois, E.D.

June 19, 1984.

Robert Maddox, pro se.

Dan K. Webb, U.S. Atty. by Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., for respondents.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, or, in the alternative, the issuance of a writ of mandamus compelling compliance with the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* This is the second *pro se* petition filed before this Court by Robert Maddox since his conviction on three counts of receiving and concealing stolen vehicles.[1] The United States Attorney, on behalf of respondents, has filed a motion to dismiss the petition.

For the reasons stated herein, the Court finds against Maddox on all issues and grants respondents' motion to dismiss.

### I. *Factual and Procedural Background*

The following facts are alleged in Maddox' petition (including exhibits). For purposes of this order the Court assumes they are true.

Robert Maddox was convicted on three counts of receiving and concealing stolen motor vehicles. On April 27, 1979, the United States District Court for the Northern District of Indiana sentenced him to eight years of imprisonment. After serving a state sentence for possession of a controlled substance, Maddox was transferred to federal custody for commitment on this federal charge in January of 1982.[2]

The United States Parole Commission (hereinafter "the Commission") recommended, on September 17, 1983, under 28 C.F.R. § 572.40, that the Bureau of Prisons (hereinafter "the B.O.P.") consider a motion pursuant to 18 U.S.C. § 4205(g) to reduce the expiration date of Maddox' minimum sentence. If accepted, the B.O.P. would have petitioned the Court to reduce Maddox' minimum sentence from September 16, 1984 to February of 1984, thus making him eligible for parole at the earlier date. The prison warden concurred with the Commission's recommendation, as did subsequently the regional director of the federal prison system. The director of the

---

1. The first petition for a writ of habeas corpus, along with 12 related motions, was denied by this Court on November 14, 1983, and is currently on appeal. *See Maddox v. Luther,* 574 F.Supp. 144 (N.D.Ill.E.D.1983), *appeal docketed,* No. 83–3215 (7th Cir.1984).

2. Maddox has appealed to have his state time credits applied to his federal sentence. *See*

B.O.P., however, denied the application.[3] Maddox seeks relief concerning this denial.

## II. *Discussion*

### A. *Statutory Review*

Generally a prisoner may not be released on parole until culmination of his minimum sentence. The Commission has the, power to grant parole to prisoners who meet Commission standards (*see* 18 U.S.C. § 4206 and 28 C.F.R. 2.20) once they have completed their minimum sentence. 18 U.S.C. § 4206.· However, there are at least two exceptions in which the B.O.P. pursuant to 18 U.S.C. § 4205(g), *may* petition the court to reduce a prisoner's minimum sentence, thus making the prisoner eligible for early parole.

■ First, an inmate may receive a reduced minimum sentence if the B.O.P. uses § 4205(g) to petition the court in order to relieve prison overcrowding. 28 C.F.R. § 572.40(b) provides that:

> The Bureau *may* also use 18 U.S.C. § 4205(g) to relieve prison overcrowding, *providing the Bureau has received a written statement from the U.S. Parole Commission* that the inmate safely could be released from prison under current Parole Commission standards (*see* 18 U.S.C. 4206 and 28 C.F.R. 2.20), but that such a relief is barred by judicially imposed minimum sentence (emphasis added).

In order for a prisoner to be granted a reduced minimum sentence because of prison overcrowding, *all* of the following actions must be taken:

1) The Commission must recommend that the prisoner can safely be released under current commission guidelines;

2) The B.O.P. having received that recommendation must petition the sentencing court to reduce the prisoner's minimum sentence;

3) The sentencing court, upon motion of the B.O.P. must decide to reduce the prisoner's minimum sentence.

Congress gave the B.O.P. "unreserved discretion" in determining whether to make a motion under § 4205(g) to relieve prison overcrowding through reducing a prisoner's minimum sentence. 28 C.F.R. § 572.- 42. Denials by the director of the B.O.P. in prison overcrowding cases are final administrative actions, 48 Fed.Reg. 48, 974 (1983) (to be codified at 28 C.F.R. § 572.44), and are nonreviewable under the Administrative Remedy Procedure, according to the B.O.P. Memorandum on Implementation of 18 U.S.C. § 2405(g). (Petition, Exhibit H).

Second, an inmate may also receive a reduced sentence when merited by previously unforeseen circumstances. 28 C.F.R. § 572.40(a) provides that:

> The Bureau uses 18 U.S.C. § 4205(g) in particularly meritorious circumstances which could not reasonably have been foreseen by the court at the time of sentencing. This section may be used, for example, if there is an extraordinary change in an inmate's personal or family situation or if an inmate becomes severely ill.

Section 572.40(a) deals with inmate filed actions concerning the possible miscarriages of justice which may occur due to circumstances unforeseen at the time of sentencing. This is in clear contrast to § 572.- 40(b) administrative determinations based on the general problem of overcrowding. Unlike § 572.40(b) cases, the B.O.P. is not given "unreserved discretion" in making motions under § 572.40(a) and its decisions on unforeseen circumstances applications are reviewable under the Administrative Remedy Procedures. 28 C.F.R. Part 542 Subpart B.

*Maddox v. Luther, supra,* n. 1.

**3.** Norman A. Carlson, Director of the B.O.P., stated the following reasons for denial in his memo to Dennis Luther, the Chicago M.C.C. Warden, on December 14, 1983: "The denial is based on the sophistication of Mr. Maddox's present offense, and his history of involvement with narcotics and weapons." (Petition, Exhibit E).

### B. *Issues for Review*

Maddox' grounds in support of his petition raise three issues for review:[4]

1) Whether the director of the B.O.P. abused his discretion by denying the Commission's application for reduction of Maddox' minimum sentence in an arbitrary and capricious manner, thus denying Maddox due process of law.

2) Whether the Commission's recommendation of parole under 28 C.F.R. § 572.40(b) constituted a "grant of parole" or created an expectation of parole triggering due process protection.

3) Whether such recommendation created jurisdiction in the Commission to bypass approval by the B.O.P. in applying to the courts for the early release of petitioner.

### C. *Abuse of Discretion Claim*

■ Maddox seeks review of the B.O.P.'s denial under the Administrative Remedy Procedure alleging abuse of discretion. Maddox, however, concedes that this petition is an administratively filed 28 C.F.R. § 572.40(b) action. Decisions of the director on 572.40(b) actions are nonreviewable under the Administrative Remedy Procedure, according to the B.O.P. Memorandum on implementation of 18 U.S.C. § 4205(g). (Petition, Exhibit H.) Instead, the B.O.P. is expressly given "unreserved discretion" to determine whether to make a 18 U.S.C. § 4205(g) motion because of overcrowding. 28 C.F.R. § 572.42. As such, the B.O.P.'s decision is protected from judicial review within the 5 U.S.C. § 701(a) exclusion for decisions clearly committed to agency discretion by law.[5] It is also protected by the broad discretion judicially granted to federal prison authorities in their determinations and operations. *Hornsby v. Miller,* 725 F.2d 1132 (7th Cir. 1984).

■ Maddox, however, argues that equal protection is violated because the same procedural review and limits on B.O.P. discre-

tion mandated for cases dealing with unforeseen circumstances (§ 572.40(a)) is not used in decisions based on overcrowding (§ 572.40(b)). However, the statute's wording shows a recognition that decisions based on overcrowding do not deal with the more highly protected possible miscarriages of justice that may occur due to unforeseen circumstances. Therefore, the B.O.P. was given unreserved discretion not merely in determining when there was overcrowding but also in deciding which inmates should be considered for sentence reduction because of overcrowding. The legislative distinction clearly bears a rational relationship to the ends sought by Congress.

### D. *Substantive Right Claim*

A more novel question presented by Maddox is whether the Commission, by recommending Maddox for consideration under § 4205(g), has granted him a substantive right to early parole protected by due process.

■■ The Commission has the power to grant parole to "eligible" prisoners. 18 U.S.C. § 4206. The granting of an effective date of parole creates "some justifiable expectation sufficient to trigger the protections of the due process clause." *Christopher v. U.S. Board of Parole,* 589 F.2d 924, 927 (7th Cir.1978). In *Christopher,* the Court considered this to be an "inchoate grant of parole." *Id.* at 925. Furthermore, where the requirements for parole are met, "under the mandatory language of the federal parole statute, an inmate has an expectation of parole worthy of due process protection." *Solomon v. Elsea,* 676 F.2d 282, 285 (7th Cir.1982). Petitioner argues that in light of this precedent the Commission's recommendation, pursuant to § 572.40, constitutes a grant of parole and creates a reasonable expectation thereof, worthy of due process protection.

---

4. Maddox' first and third claims are consolidated and considered in issue number one. His second claim is divided into issues two and three.

5. For the same reasons as discussed in this section, Maddox' arguments concerning errors in the director's review of the Presentence Investigation Report are dismissed.

Maddox, however, is not an "eligible prisoner" for Commission granted parole prior to the culmination of his minimum prison sentence on September 16, 1984. Therefore, the Commission has no power to grant him parole under § 4206 until that date. No effective date of parole could have been granted by the Commission since under § 572.40 their statement can act only as a recommendation to the B.O.P. Even though the Commission recommended Maddox as meeting all other standards for parole, they do not have the power to grant parole prior to culmination of a judicially imposed minimum sentence without B.O.P. action. Maddox' argument is further weakened because even if the B.O.P. had accepted the application, no grant of parole occurs. In these circumstances only the sentencing court, to which the B.O.P. makes its motion, may lessen the minimum sentence under § 4205(g).

This case is distinguished from *Christopher v. U.S. Board of Parole*, 589 F.2d 924 (7th Cir.1978), because here the Commission could only recommend, it could not grant, an "effective date of parole." Since Maddox can only be considered by the Commission for parole, he is distinguished from an inmate who has been granted parole and thus has a justifiable expection of release. *Id.* at 927. The Commission did not give Maddox an inchoate grant of parole nor an expectation worthy of due process protection. This Court holds that a Commission recommendation pursuant to a § 572.40(b) implementation of § 4205(g) is a procedural requirement of that process and does not create a substantive parole right for the inmate.

### E. Claim of Commission Jurisdiction to Bypass B.O.P.

Maddox argues that the Commission's recommendation created jurisdiction in the Commission to bypass the B.O.P. in applying to the courts for reduction of Maddox' minimum sentence. Maddox concludes therefore that the Court should consider the Commission's recommendation as a motion for reduction of his minimum sentence.

Congress, however, expressly authorized the B.O.P., and not the Commission, to bring a motion for reduction of minimum sentence. 18 U.S.C. § 4205(g). *See also* 28 C.F.R. § 572.40. Petitioner's reliance on *United States v. Banks*, 428 F.Supp. 1088 (E.D.Mich.1977), in which the court considered a B.O.P. motion to reduce sentence over the United States Attorney's refusal to file the motion, is misplaced. In *Banks* the court accepted a B.O.P. motion as authorized under § 4205(g) and not a Commission recommendation as in the present case. *Id.* No precedent or convincing policy reasons are presented in favor of Maddox' position that the Commission has jurisdiction to present such a motion before this Court or that the Commission's recommendation should be treated as such a motion. Accordingly, this Court will not consider the Commission's actions as a motion for reduced sentence since those actions clearly only constitute a recommendation to the B.O.P. pursuant to § 572.40(b) and § 4205(g).

### Conclusion

For the reasons stated herein, respondents' motion to dismiss the petition is granted. The petitions for writ of habeas corpus and mandamus are hereby denied.

IT IS SO ORDERED.