Henry Clifford BYRD, Sr., Petitioner-Appellant,

v.

Robert MARTIN, Warden, F.C.I., Talladega, Respondent-Appellee.

No. 84–7484
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 8, 1985.

Frank W. Donaldson, U.S. Atty., Mark E. Tippins, Birmingham, Ala., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

*Pro se* petitioner Henry Byrd appeals from the district court's dismissal, without prejudice, of his section 2254 habeas corpus petition. We agree that the dismissal was improper, and therefore we vacate the order dismissing the case, and remand for further proceedings.

On July 15, 1983, petitioner was convicted in federal court in North Carolina of making false declarations to a federal grand jury. He began serving his prison sentence in the Northern District of Alabama, where he is presently incarcerated. On January 30, 1984, Byrd pled guilty in North Carolina state court to four counts of filing false insurance claims, and was sentenced to 23 years imprisonment.

In October, 1983, prior to the plea bargain, petitioner had apparently filed a habeas corpus petition in the District Court for the Northern District of Alabama, attacking a detainer lodged against him by the State of North Carolina.[1] Nothing in the record indicates the specific allegations of this petition. The petition was transferred to the District Court for the Middle District of North Carolina (the North Carolina District Court) as the most convenient forum in which to consider the claim, pursuant to 28 U.S.C. § 1404(a) and the analysis of *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). We are advised in the briefs that this petition was recently dismissed by the North Carolina District Court.[2] From the facts disclosed to us, this appears to have been a correct disposition.[3]

On July 3, 1984, Byrd filed the present habeas petition in the Northern District of Alabama, attacking the sentence imposed under his North Carolina state convictions.[4] The district judge dismissed the petition without prejudice, finding that it raised similar issues to those raised in the first petition, and that the North Carolina District Court was the most desirable forum in which to litigate these claims. Petitioner then filed this appeal.

1. This detainer related to the state criminal charges pending against Byrd for filing false insurance claims, to which he subsequently pled guilty.

2. Nothing in the record of the present case informs us of this dismissal, or the reasons for it.

3. Since the petition attacked a detainer requiring that Byrd answer to criminal charges, it was moot once Byrd pled guilty to the charges and the detainer was no longer in effect.

4. This petition attacks the plea bargain leading to the state conviction.

A prisoner may bring a habeas petition attacking a conviction in another state which may subject him to future custody in that state. Rule 1(a)(2), 28 U.S.C. fol. § 2254; *see Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Braden,* 410 U.S. at 488–89 and n. 4, 93 S.Ct. at 1126 and n. 4. In that situation, jurisdiction exists concurrently in both the district of the prisoner's confinement and the district in the state in which the conviction which he seeks to attack was entered. *Braden,* 410 U.S. at 498–500 and n. 15, 93 S.Ct. at 1131–1132 and n. 15; *see Milstead v. Rison,* 702 F.2d 216, 217 (11th Cir.1983). The most convenient forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible, but not required, under 28 U.S.C. § 1404(a). *Braden,* 410 U.S. at 493–500, 93 S.Ct. at 1128–1132; *Milstead,* 702 F.2d at 217.

The present petition was dismissed without prejudice on the bases that it raised issues similar to those raised in Byrd's first petition, and that the North Carolina District Court was the most desirable forum. This appears to have been improper. In the first place, the record in the present case, although incomplete, indicates that the two petitions presented different issues: the first attacked a detainer lodged against Byrd prior to any state conviction; the present petition attacks the procedures used in obtaining the state convictions. Petitioner is entitled to a consideration of the merits of his present claim by a federal district court. Furthermore, while the North Carolina District Court may well be the most convenient forum in which to consider this petition, the Northern District of Alabama, as the place of confinement, also has jurisdiction to consider it. *See supra.* While transfer of this case to North Carolina pursuant to section 1404(a) might be appropriate, dismissal of the case was improper.

We note that pursuant to Rule 2(b), 28 U.S.C. fol. § 2254, a prisoner seeking relief against potential future custody must name as respondents both the officer having present custody of the prisoner and the attorney general of the state in which the judgment which he seeks to attack was entered. Therefore, the district court should offer the petitioner the right to amend his petition to name as respondent the appropriate party from the state of North Carolina.

The order dismissing this petition is VACATED, and the case REMANDED for further proceedings. We express no opinion on the merits of petitioner's claims, or on whether the case should be transferred to the North Carolina District Court.