826 F.2d 1065
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Waymon PATRICK, Petitioner-Appellant,
v.
P. W. KEOHANE, Warden, and Travis Medlock, Attorney General
for The State of South Carolina, Respondents-Appellees.
 No. 87-5032
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1987.
 
 ORDER
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 
 
 1
 The petitioner appeals pro se from the district court's judgment denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, we grant a certificate of probable cause and agree unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner is currently a prisoner in the federal prison in Memphis, Tennessee. His petition attacks a sentence which he must serve in the future in the state of South Carolina. The district court held that it lacked jurisdiction over the petition. It therefore refused to transfer the case to the district court in South Carolina.
 
 
 3
 The district court relied on Norris v. State of Georgia, 522 F.2d 1006, 1013 (4th Cir. 1975). Norris was decided in 1975, before the promulgation of the Rules Governing Section 2254 Cases. Under Rules 1(a)(2) and 2(b), a prisoner may now attack a sentence he must serve in the future if he lists the state attorney general for the appropriate state as one of the respondents. So both the federal district court in Tennessee and in South Carolina have jurisdiction over this case. Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (per curiam). See also Monk v. Secretary of the Navy, 793 F.2d 364, 368 (D.C. Cir. 1986) (same conclusion in dicta).
 
 
 4
 The question then becomes an issue of venue. In most cases, the proper venue is in the state where the conviction was rendered. Braden v. Thirtieth Judicial Cir. Ct. of Ky., 410 U.S. 484, 493-94 (1973); Byrd, 754 F.2d at 965. In light of the district court's determination that proper venue lay in South Carolina, this case will be remanded to the district court with instructions to transfer the petition to the District Court for South Carolina.
 
 
 5
 The judgment of the district court is vacated and the case is remanded for further proceedings under Rule 9(b)(6), Rules of the Sixth Circuit.