**ALD-024**                                                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3375
_____

DAVID SAUNDERS,
                                        Appellant

v.

UNITED STATES PAROLE COMMISSION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-16-cv-00698)
District Judge:  Honorable Joseph H. Rodriguez
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Present:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: November 14, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Lee Saunders appeals from an order of the District Court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will summarily vacate that order and remand for further proceedings consistent with this opinion.

I.

In October 1999, Saunders pleaded guilty in federal court to one count of bank robbery. He was sentenced to 48 months in prison followed by three years of supervised release. Saunders served his federal term of incarceration after completing a separate state sentence and, in June 2012, began his term of supervised release.

On November 13, 2013, a federal probation officer petitioned the District Court to issue a warrant for Saunders's arrest. According to the probation officer's petition, Saunders was being held in county jail in New Jersey on new criminal charges and, as a result, had violated the terms of his supervised release. The District Court granted the petition, thus subjecting Saunders to a federal detainer.[1]

Saunders was eventually convicted in state court of third-degree receiving stolen property. He was sentenced to five years in jail, concurrent with any sentence imposed by the District Court for Saunders's apparent violation of supervised release.

Saunders then filed two applications with the District Court, requesting in each that his term of supervised release be "dismissed." Saunders generally argued that he

---

[1] The Supreme Court has described a "detainer" as a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985).

was not afforded due process (e.g., notice and a hearing) with respect to the alleged violation of supervised release, that the United States Parole Commission (the "USPC") prematurely sought a federal detainer, and that the USPC improperly "predetermined" the appropriate sentence for Saunders's supervised-release violation.

The District Court construed Saunders's filings as a habeas petition under 28 U.S.C. § 2241, and ordered the USPC to answer it. The USPC in turn requested that it be relieved from filing an answer because "Saunders is not a parolee within the jurisdiction of the [USPC]." To support its assertion, the USPC submitted declarations from its general counsel and from a legal assistant employed by the Federal Bureau of Prisons.

By order entered July 14, 2016, the District Court vacated its earlier order requiring the USPC to file an answer and directed its clerk of court to "close this matter." The District Court agreed with the USPC that Saunders is not a federal parolee, observing that Saunders is instead "subject to a federal detainer based upon a warrant issued by his Probation Officer" and "is not presently in federal custody." Saunders appealed.[2]

II.

On appeal, the USPC has moved for summary affirmance of the District Court's July 14, 2016 order. The USPC's motion is merely a recitation of procedural history followed by conclusory statements that the appeal "is appropriate for disposition by

---

[2] The July 14, 2016 order was immediately appealable because it effectively ended the litigation and left nothing for the District Court to do but execute its judgment. See Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991). Therefore, we have appellate

3

summary affirmance" because it fails to present a "substantial question," and because full briefing would waste this Court's time and resources.

Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we may summarily affirm the judgment of a district court on motion of a party, or sua sponte. We may take that or another form of summary action if an appeal presents no substantial question. See id.

III.

In federal habeas proceedings, the proper party-respondent is "the person who has custody over [the petitioner]." Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citation omitted). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447. By contrast, in a case like Saunders's that "challenges a form of 'custody' other than present physical confinement[, the habeas petitioner] may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" Id. at 438.

Here, the limited record on appeal supports the conclusion that the USPC was an improper respondent for the habeas action below because there is no indication that Saunders was ever a federal parolee subject to the USPC's legal control. Cf. 28 C.F.R. §§ 2.1(g), 2.39. The proper respondent would instead appear to be the United States Probation and Pretrial Services (the "USPPS"), because—as highlighted by its successful petition for an arrest warrant—the USPPS "is 'the person' with the ability to produce the

_____

jurisdiction under 28 U.S.C. § 1291.

prisoner's body before the habeas court." Padilla, 542 U.S. at 435; see also 18 U.S.C. § 3606 (where there is probable cause to believe that a person on supervised release has violated the terms of that release, the probation officer is empowered to execute a warrant to arrest the person). We thus agree with the District Court's decision to vacate its order directing the USPC to file an answer.

But that should not have been the end of the matter. When a habeas petitioner incorrectly identifies the party-respondent, the proper course typically is not a with-prejudice dismissal of the petition. Rather, the habeas petitioner should be permitted leave to amend. See, e.g., West v. Louisiana, 478 F.2d 1026 (5th Cir. 1973), vacated in part on other grounds, 510 F.2d 363 (1975) (the "failure to name a proper respondent is a procedural rather than jurisdictional defect, and it may be corrected by amendment of the petition."); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (remanding case to district court to afford habeas petitioner an opportunity to "amend his petition to name the correct party as respondent"); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (remedy for failure to properly name respondent is not dismissal but return of petition for amendment). Accordingly, the District Court should have given Saunders an opportunity to cure the defect in his habeas petition to the extent he failed to identify the proper party-respondent.

In conclusion, we agree with the USPC that summary action is appropriate. We deny the USPC's motion, however, because summary vacatur, not affirmance, is the

5

proper disposition. We leave it to the District Court on remand to determine how best to proceed consistent with this opinion.[3]

---

[3] Insofar as the District Court determined that Saunders "is not presently in federal custody" for purposes of habeas jurisdiction under 28 U.S.C. § 2241(c), it erred. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), a habeas petitioner may challenge the future imposition of sentence for which a detainer has been lodged while the petitioner is in custody with respect to an earlier sentence imposed by a different sovereign. See id. at 488-89.