**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JACQUELINE OVERTURF,

       Petitioner - Appellant,

v.

NEVILLE MASSIE; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

       Respondent - Appellee.

No. 04-6023

---

NORA CONTRADES,

       Petitioner - Appellant,

v.

NEVILLE MASSIE,

       Respondent - Appellee.

No. 04-6027

---

DAWN LINDSEY,

       Petitioner - Appellant,

v.

NEVILLE MASSIE; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

       Respondents - Appellees.

No. 04-6031

PATRICIA SOARES,

              Petitioner - Appellant,

v.

NEVILLE MASSIE; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

              Respondents - Appellees.

No. 04-6037

---

**APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. Nos. 03-CV-1006-L, CV-03-1452-R,
03-CV-1005-H, CV-03-1130-M)**

---

Submitted on the Brief:[*]

Jacqueline Overturf, Nora Contrades, Dawn Lindsey, and Patricia Soares filed a combined appellants' brief, pro se.

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

Petitioners-Appellants Jacqueline Overturf, Dawn Lindsey, Nora Contrades, and

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Patricia Soares,[1] state inmates appearing pro se, seek certificates of appealability (COAs) so that they might appeal the summary denials of their petitions for habeas corpus, 28 U.S.C. § 2241, by the district courts. Petitioners were convicted and sentenced in Hawaii state court. Subsequently, they were transferred to a private correctional facility in Oklahoma operated by Dominion Correction Services (DCS). R. (04-6027) Doc. 3 at 2 & n.3; see Haw. Rev. Stat. § 353-16.2.[2] The DCS facility then was purchased by the State

---

[1]In the district court, Petitioners filed separate petitions for writs of habeas corpus. In each case, the district court adopted the magistrate judge's report and recommendation that the petition be denied. We granted in part motions to consolidate these appeals for the purpose of submitting one brief provided each Petitioner signed that brief. As all Petitioners seek a COA, we now consolidate the cases for disposition. See Fed. R. App. P. 3(b)(2).

[2] The statute provides:

Transfer of inmates to out-of-state institutions.

(a) The director may effect the transfer of a committed felon to any correctional institution located in another state regardless of whether the state is a member of the Western Interstate Corrections Compact; provided that the institution is in compliance with appropriate health, safety, and sanitation codes of the state, provides a level of program activity for the inmate that is suitable, and is operated by that state, by any of its political subdivisions, or by a private institution; and provided further that the transfer is either:

(1) In the interest of the security, management of the correctional institution where the inmate is presently placed, or the reduction of prison overcrowding;

or

(2) In the interest of the inmate.

of Oklahoma for operation as a state-owned correctional facility.  Id.

In their § 2241 petitions, Petitioners attack the execution of their sentences as it affects the fact or duration of their confinement in Oklahoma, as well as the continued validity of the Hawaii sentences given the allegedly unconstitutional transfers.  They also challenge the execution of the sentences on Eighth Amendment grounds.  Though there is some overlap here with 42 U.S.C. § 1983 insofar as the Eighth Amendment claim, we have construed similar petitions as arising under § 2241, with a COA required to appeal the denial of such petitions.  Montez v. McKinna, 208 F.3d 862, 865, 869 (10th Cir. 2000).

On appeal, Petitioners argue that (1) the State of Hawaii constructively pardoned them by failing to transfer them out of the private facility when the State of Oklahoma purchased it, (2) this case is distinguishable from the facts in  Olim v. Wakinekona, 461 U.S. 238 (1983), because they (a) are being treated as inmates of the receiving jurisdiction (Oklahoma), (b) received shorter sentences than life without parole and have an expectation of release, (c) are not security threats, present no disciplinary issues, and received no notice or pre-transfer hearing, (d) have endured an atypical and significant hardship because they are unable to take advantage of therapeutic programming in Hawaii necessary for parole consideration, and (e) pleaded guilty and were never advised by the sentencing court of the possibility of such a transfer.  They further argue that (3)

_____

Haw. Rev. Stat. § 353-16.2.

4

Oklahoma law, specifically, Okla. Stat. Ann. tit. 57, § 563.2(k), forbids Oklahoma assuming custody over them, (4) no interstate agreement authorizes their transfer, (5) the transfer contravenes Hawaii's internal policy concerning notice of transfers, and (6) their transfer to the mainland violates the Eighth Amendment because it amounts to banishment.

In order to merit COAs, Petitioners must "make a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); see also Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

We do not think it is reasonably debatable, despite the distinguishing facts that Petitioners claim undercut the holding in Olim, that inmates have no protected liberty interest in the location of their confinement. Olim, 461 U.S. at 247-48; see also Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Thus, their incarceration in Oklahoma following conviction and sentencing in Hawaii state court cannot, by itself, form the basis for a due process challenge. Petitioners' claim that Hawaii lost jurisdiction over them is legally incorrect. In Blango v. Thornburgh, 942 F.2d 1487, 1490 (10th Cir. 1991) (per curiam), we specifically rejected a theory that a transferring jurisdiction loses jurisdiction over a transferred inmate: "Criminal jurisdiction over a state's inhabitants remains with the respective states and territories under whose jurisdiction the prisoners were originally

5

sentenced." Thus, Petitioners were always incarcerated under authority of the State of Hawaii.

Petitioners' reliance on the constructive pardon rationale of Shields v. Beto, 370 F.2d 1003, 1005 (5th Cir. 1967), is misplaced. Shields involved a release of an inmate mid-sentence and a wait of 28 years to reassert jurisdiction–facts plainly not applicable here. See Milstead v. Rison, 702 F.2d 216, 218 (11th Cir. 1983) (per curiam) (limiting Shields v. Beto). Petitioners were never surrendered to another state within the meaning of Shields. Nor do Petitioners have an Eighth Amendment claim for banishment–they have failed to identify an objectively serious risk to inmate health or safety, let alone a culpable mental state on the part of prison officials. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). What's more, Olim specifically holds that confinement of a prisoner in a state other than the one in which he or she was convicted does not constitute banishment. Olim, 461 U.S. at 248.

Finally, we decline to address Petitioners' claims that their confinement in Oklahoma violates the laws of that state. Even if Petitioners were correct in their reading of Oklahoma law, a petition for habeas corpus brought under § 2241 must allege that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An allegation that Petitioners are in custody in violation of the laws of the State of Oklahoma does not meet this standard.

For the foregoing reasons, we find that the district courts' rationale for dismissal of

Petitioners' § 2241 petitions is not subject to debate among jurists of reason.[3] We

therefore deny the applications for COAs and DISMISS these consolidated appeals. We

GRANT Ms. Soares IFP status.

---

[3]Because we find Petitioners' argument to be foreclosed, it was not an abuse of discretion for the district court to refuse to appoint counsel for Petitioners. See Swazo v. Shillinger, 23 F.3d 332, 333 (10th Cir. 1994).