**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUSTIN RUEB, a/k/a Justin Joseph Rueb,

Plaintiff–Appellant,

v.

BROWN; DENNIS BURBANK; DOE, (3 "John Doe" mailroom officers); SUSAN JONES; ARISTEDES ZAVARAS,

Defendants–Appellees.

No. 12-1117
(D.C. No. 1:10-CV-03071-RBJ-MEH)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff, a state prisoner proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 prisoner civil rights complaint and denial of his motions to amend the complaint. Plaintiff's initial complaint raised two claims. The district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissed his first claim on the grounds that it challenged the execution of his sentences in state court proceedings and thus needed to be brought in a separate habeas action. Plaintiff filed two motions to amend the complaint in which he essentially attempted to reframe this claim under various tort theories. The court denied the first motion to amend as an inappropriate attempt to seek reconsideration of the court's previous determination, and the court denied the second motion based on Plaintiff's failure to include a certificate of service or a proposed amended complaint along with his motion to amend. As for the remaining claim in Plaintiff's initial complaint, the court ultimately granted Defendants' motion to dismiss this claim under Rule 12(b)(6).

On appeal, we first consider the dismissal of Plaintiff's first claim for relief. In this claim, Plaintiff asserted that Defendants and others permanently deprived him of several years of concurrent sentence credit by making misrepresentations in Colorado court proceedings. Specifically, Plaintiff alleges that in 1997 he was convicted on four Colorado state charges, including a charge of assault on a police officer for which he received a five-year sentence. In 1998, he received a twenty-eight-year sentence in a California case, to run consecutively to the Colorado sentences. In 2001, his Colorado convictions were vacated. He was subsequently reconvicted of the assault charge, but this time he was sentenced to a twenty-four-year sentence, to run concurrently with the existing California sentence. However, California allegedly decided its sentence would still be served consecutively to this new Colorado sentence. Plaintiff alleges that a Colorado state judge entered a writ of mandamus ordering Plaintiff to be returned into

-2-

California's custody so he could start serving his California sentence while receiving concurrent credit on his Colorado sentence; however, he alleges that Defendants and others "thwart[ed] [the] mandamus order" by falsely representing to the Colorado courts that California had agreed to run its sentence concurrently with the Colorado sentence, negating any need to transfer him into California's custody. (R. at 9.)

We conclude that the district court correctly dismissed this claim on the grounds that it raised a challenge to the execution of Plaintiff's state sentences, not the conditions of his confinement, and thus could only be brought as a habeas petition under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004). Plaintiff argues he could proceed under § 1983 because he is not requesting habeas relief: he seeks only monetary damages, not the invalidation of a sentence or the return of the allegedly lost concurrent sentence credit. However, providing the requested relief would necessarily call into question the duration of Plaintiff's confinement and the legality of the manner in which his sentences are being executed, and Plaintiff must thus obtain habeas relief before he can seek damages under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Contrary to Plaintiff's arguments, this situation is unlike the parole procedures at issue in *Wilkinson v. Dotson*, 544 U.S. 74 (2005)—the prisoners' claim in that case would not necessarily implicate the validity or shorten the duration of their confinement, but here Plaintiff's claim is directly premised on his argument that the duration of his confinement has been illegally extended based on his continued detention in Colorado. Plaintiff also argues that he should be able

to seek damages in this action because he will be unable to actually obtain habeas relief on his allegations. However, whether or not habeas relief will ultimately be available, Plaintiff's current claim for damages based on the allegedly illegal loss of concurrent sentence credit is simply not cognizable under § 1983.

For the same reason, we conclude the district court did not abuse its discretion in denying Plaintiff's motions to amend, which simply attempted to reframe this claim under various tort theories. However labeled, these claims all asserted that Plaintiff's sentence was being executed in an illegal manner, and they needed to be brought under § 2241 instead of § 1983. We therefore see no error in the district court's denial of Plaintiff's motions to amend his § 1983 complaint to include these claims.

We also conclude the district court correctly dismissed Plaintiff's second claim for relief under Rule 12(b)(6). This claim was based on prison officials' alleged tampering with a large civil rights complaint Plaintiff filed on behalf of himself and other inmates. Plaintiff alleged that this tampering delayed the filing of the lawsuit by one month and caused him to incur over $100 in additional photocopying costs, but he did not allege that the delay in filing caused the complaint to fall outside the statute of limitations or otherwise affected the lawsuit. In order to support a claim for denial of access to the courts, "a prisoner must demonstrate actual injury from interference with his access to the courts—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). The district court correctly

concluded that Plaintiff's allegations did not show actual injury under this standard, even if the copying costs could possibly support a state court tort claim. As for Plaintiff's allegation that Defendants tampered with the mail in retaliation for his exercise of his First Amendment right of access to the courts, the district court correctly concluded that Plaintiff did not suffer an injury that would "chill a person of ordinary firmness" from continuing to engage in the protected activity. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). For similar reasons, the district court also correctly concluded that Plaintiff's allegations were insufficient to state a due process or conspiracy claim.

Finally, we note that Plaintiff's opening brief includes several arguments regarding restrictions imposed by prison officials, including Defendants, that have left him unable to make photocopies or to obtain sufficient paper to comply with court filing requirements in this and other lawsuits. He argues that, as a result, he was unable to respond to Defendants' motion to dismiss before the magistrate judge issued a report and recommendation, and his motion to amend was denied based on his inability to make a copy of his amended complaint to serve on Defendants. To the extent Plaintiff is seeking to include a new claim for relief in his § 1983 action, he may not do so for the first time on appeal. To the extent Plaintiff is relying on these alleged litigation difficulties to argue that some error occurred in the proceedings below, we conclude that any possible error was harmless. First, as to the motion to dismiss, Plaintiff was able to raise all of his arguments regarding this motion in his written objections to the magistrate judge's report

and recommendation, which the district court reviewed de novo. Second, as to the motion to amend, we affirm the denial of this motion on alternate grounds and thus need not consider whether the district court erred in dismissing Plaintiff's second motion to amend based on his failure to include a certificate of service or copy of the proposed amended complaint.

For the foregoing reasons and for substantially the same reasons given by the district court, we **AFFIRM** the district court's dismissal of Plaintiff's complaint and denial of his motions to amend. We **GRANT** Plaintiff's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge