**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BILLY JACK WIGLESWORTH,

     Plaintiff - Appellant,

v.

CHRISTOPHER PAGEL; THE GEO
GROUP, INC.; JOE D. DRIVER,

     Defendants - Appellees.

No. 13-1283
(D.C. No. 1:13-CV-00957-LTB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

---

Plaintiff-Appellant Billy Jack Wiglesworth, an inmate appearing pro se,

appeals from the district court's order dismissing his complaint. R. 517-23. Mr.

Wiglesworth is an Alaska inmate housed in a private prison in Colorado. He

seeks declaratory, monetary and injunctive relief arising from a disciplinary

hearing which resulted in 30 days segregation. According to Mr. Wiglesworth,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his hearing violated Alaska procedural due process guarantees. Aplt. Br. 4; R. 435-48. The district court dismissed Mr. Wiglesworth's complaint as frivolous under federal law but did not address his claims under Alaska law. R. 517-23. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and remand for the district court to address Mr. Wiglesworth's state law claims.

Background

Mr. Wiglesworth is housed in Colorado at the Hudson Correctional Facility, a private prison owned and operated by Defendant-Appellee The GEO Group, Inc., a Florida-based corporation. R. 6. On June 21, 2012, Mr. Wiglesworth was served with an incident report by prison staff member T. Benavidez charging him with forging a television request form in violation of Alaska Admin. Code tit. 22, § 05.400(c)(12). R. 437. Based on information Benavidez had received from Alaska probation officer J. Pass, Mr. Wiglesworth had forged or altered a section on the form about his institutional job status.[1] R. 437-38.

Defendant-Appellee Christopher Pagel, acting as the prison hearing officer, scheduled a disciplinary hearing for June 27, 2012, at which Mr. Wiglesworth explained that Benavidez and Pass must be available for cross-examination as

---

[1] The allegations in a complaint are generally taken as true for purposes of a motion to dismiss, subject to the claim being plausible. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

required by Alaska Admin. Code tit. 22, § 05.420(b)(5)(a)[2] and <u>James v. State</u>,

260 P.3d 1046 (Alaska 2011) (interpreting Alaskan prisoners' due process

guarantees as requiring in-person confrontation).  R. 438.  Pagel ultimately

postponed the hearing twice.  R 438.  At the first rescheduled hearing on July 16,

2012, Pagel explained that because Pass's schedule was unknown, Mr.

Wiglesworth had to submit all questions of the two witnesses in writing, that no

follow-up questions would be permitted, and that Pass's questions would be

emailed to her in Alaska.  R. 438-39.  At the second rescheduled hearing on July

20, 2012, Pagel informed Mr. Wiglesworth that Pass had responded to the emailed

questions and that her answers would be read into the record.  R. 439.  Pagel also

explained that Benavidez would testify by telephone because he had taken the day

off as a "personal day."  R. 439.  Following the disciplinary hearing on July 20,

Mr. Wiglesworth was found guilty of the infraction and sentenced to 30 days

punitive segregation.  R. 439.

After exhausting administrative remedies, R. 20, Mr. Wiglesworth filed a

civil tort claim in Alaska state court, arguing, among other things, that the

disciplinary hearing violated his due process guarantees under the Alaska

Constitution and state law, which the Hudson facility (though located in

---

[2]  Admin. Code tit. 22, § 05.420(b)(5)(a) provides that "if the prisoner . . . has requested the appearance of the staff member who wrote the disciplinary report, the staff member must be called into the room and questioned under 22 AAC 05.435 and 22 AAC 05.445."  Alaska Admin. Code tit. 22, § 05.420(b)(5)(a).

- 3 -

Colorado) is required by contract to follow. R. 9-19. Defendants Pagel and The GEO Group, Inc. removed the case to Alaska federal district court based on diversity jurisdiction, 28 U.S.C. §§ 1332(a), 1441, R. 6, and subsequently the case was transferred to the Colorado federal district court. R. 290-92.

Pursuant to 28 U.S.C. § 1915A(b)(1), the Colorado district court dismissed Mr. Wiglesworth's complaint as frivolous, explaining that under <u>Sandin v. Connor</u>, 515 U.S. 472 (1995), federal due process rights in prison disciplinary hearings arise only when the punishment imposes an atypical and significant hardship or inevitably affects the duration of a sentence, neither of which occurred here. R. 518-22. Mr. Wiglesworth sought reconsideration under Fed. R. Civil P. 59(e), arguing that the district court misconstrued his claims by analyzing them under federal law rather than under Alaska law. R. 563-574. The district court denied the motion without analysis of this contention. R. 575-577.

<u>Discussion</u>

Mr. Wiglesworth argues that the district court erred in dismissing his complaint by analyzing his claims solely under federal law rather than Alaska law. Aplt. Br. 10. A review of the record confirms that he consistently raised Alaska state law claims. Although Defendants argue that Colorado law applies and would result in the same outcome as federal law, Aplee. Br. 8-14, the district court did not address the choice of law issue nor the state-law analysis. We note

- 4 -

that Alaska does not lose jurisdiction over Mr. Wiglesworth simply by transferring him to a Colorado prison.  <u>Overturf v. Massie</u>, 385 F.3d 1276, 1279 (10th Cir. 2004); <u>see also</u> <u>Rathke v. Corrections Corp. of America</u>, 153 P.3d 303, 309-12 (Alaska 2007) (recognizing a class of Alaskan prisoners as third-party beneficiaries to its out-of-state prison contracts).  Accordingly, we remand for the district court to address the state-law claims including the choice of law issue.

REVERSED and REMANDED.  We GRANT the motion for IFP status and remind Mr. Wiglesworth that he is obligated to continue making partial payments until the entire appellate filing fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge